**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Michael RUSH, Appellant.**

Superior Court of Pennsylvania.

Submitted July 28, 2008.

Filed Oct. 1, 2008.

Reargument Denied Dec. 1, 2008.

---

3. In view of the foregoing determination, we need not address Kmart's remaining questions for review.

Mitchell S. Strutin, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., for Com., appellee.

BEFORE: MUSMANNO, BENDER and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 On this direct appeal from judgment of sentence, Appellant contends his guilty pleas were involuntary because he was not advised, prior to pleading, that he was subject to mandatory minimum terms of imprisonment for drug trafficking. He also contends the mandatory minima imposed on him constitute an illegal sentence. As an alternative to each of the foregoing claims, Appellant seeks permission to appeal the discretionary aspects of his sentence. We affirm.

### Facts

¶ 2 After pleading guilty, Appellant was sentenced on six counts of possessing a controlled substance with intent to deliver ("PWID") (35 P.S. § 780–113(a)(30)) and criminal conspiracy ("CC") (18 Pa.C.S.A. § 903). At each PWID count, the court imposed what it found to be mandatory minimum terms of seven to fourteen years' incarceration under 18 Pa.C.S.A. § 7508(a)(3)(iii).[1] The terms were concurrent. For each CC count, Appellant received five to ten years' imprisonment. The CC sentences were concurrent with each other and consecutive to the PWID sentences. Thus, Appellant's aggregate term was twelve to twenty-four years in prison.

### Guilty Pleas and Discretionary Aspects of Sentencing

¶ 3 For the reasons that follow, we find Appellant's claims regarding his guilty pleas and the discretionary aspects of his sentence waived. We begin with a brief review of relevant legal principles.

 ¶ 4 *Legal Principles.* Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.

---

\* Retired Senior Judge assigned to the Superior Court.

1. Section 7508(a)(3)(iii) sets a mandatory incarceration of four years if the defendant has only a single conviction for drug trafficking (*e.g.*, PWID), but it sets a mandatory incarceration of seven years if, at the time of sentencing for a drug trafficking offense, the defendant also has other drug trafficking convictions. The relevant portion of the statute is as follows:

 (3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act ... shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

 &ast; &ast; &ast; &ast; &ast; &ast;

 (iii) when the aggregate weight of the compound or mixture of the substance involved is at least 100 grams; four years in prison and a fine of $25,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: seven years in prison and $50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

 18 Pa.C.S.A. § 7508(a)(3)(iii).

R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. *Commonwealth v. Tareila,* 895 A.2d 1266, 1270 n. 3 (Pa.Super.2006). Similarly, challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. *Commonwealth v. Feucht,* 955 A.2d 377, 383 (Pa.Super.2008). Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. *Commonwealth v. Thur,* 906 A.2d 552, 566 (Pa.Super.2006). Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved. *Id.*

■ ¶ 5 Also relevant to the preservation of claims are the following principles. First, it is the appellant's obligation to demonstrate which appellate issues were preserved for review. Pa.R.A.P. 2117(c), 2119(e). Second, during our review of a case, we rely only on facts and documents in the certified record. *Commonwealth v. Wrecks,* 931 A.2d 717, 722 (Pa.Super.2007). This Court does not rely on items *dehors* the record, such as assertions in an appel-late brief or a trial court opinion. *Id.* Moreover, the duty to ensure the certified record contains all the facts and documents necessary for our review lies with the appellant. *Id.* Thus, because our review necessitates a determination of whether issues were preserved, the appellant has the burden to demonstrate which part of the certified record reveals the preservation of the appellate issues.

■ ¶ 6 *Analysis.* With respect to the preservation of issues, Appellant states that he "... filed a timely post-sentence motion in the nature of a motion for reconsideration of sentence." Appellant's Brief at 6. This statement does not explain what legal theories Appellant presented, and therefore allegedly preserved, in the trial court in support of his purported claim that his sentence should be reconsidered. In short, he does not tell us what arguments he raised for reconsideration of sentence.

¶ 7 Elsewhere in his brief, Appellant indicates he filed a motion to withdraw his guilty pleas with the trial court. However, he does not specify the arguments he allegedly raised to the court in support of that motion.

¶ 8 Additionally, the trial court docket contained in the certified record does not reflect the filing of a motion for reconsideration of sentence or a motion to withdraw guilty pleas. Moreover, the record itself simply does not contain any such motions.[2]

2. The trial court's opinion does indicate Appellant moved for reconsideration of sentence and withdrawal of his pleas. As our discussion of the relevant legal principles has made clear, however, these assertions by the court are not legally sufficient to establish the issues at hand were preserved. Indeed, even aside from the fact that such assertions are not a legal substitute for the presence of documents in the certified record, there would be a prac-tical problem in relying on the court's assertions that issues were preserved. For example, in this case, while the opinion indicates Appellant filed a motion to withdraw his pleas and/or a motion for reconsideration of sentence, the court then offers its interpretation as to what Appellant actually argued in support of those general claims and as to what Appellant "[i]n essence ..." sought via those motions. Trial Court Opinion, 03/18/08, at 4.

¶ 9 Accordingly, Appellant has not sufficiently specified which issues were preserved and the certified record simply does not contain any motion to withdraw his pleas or to reconsider his sentence. Therefore, Appellant has not met his burden to demonstrate he preserved his requests to withdraw his pleas and to challenge the discretionary aspects of sentencing. Thus, those matters are waived.

### Legality of Sentence

■ ¶ 10 Appellant's next claim is that the court erred by imposing mandatory minimum sentences under 18 Pa.C.S.A. § 7508(a)(3)(iii) that requires enhanced penalties (*i.e.*, seven to fourteen years' incarceration in Appellant's case) for persons who already have other drug trafficking convictions. This claim implicates the legality of sentence. *Commonwealth v. Bell,* 901 A.2d 1033, 1034–35 (Pa.Super.2006). Such a claim is not waivable. *Commonwealth v. Jones,* 932 A.2d 179, 182 (Pa.Super.2007). Thus, we will review it, even though Appellant has not shown it was preserved at sentencing or in a post-sentence motion. *Commonwealth v. Zampier,* 952 A.2d 1179, 1181 (Pa.Super.2008).

■ ¶ 11 Appellant touches upon several arguments to support his claim that the mandatory penalties were illegally imposed on him. Initially, he contends the enhanced mandatory minima of 18 Pa. C.S.A. § 7508 do not apply because he did not have other drug trafficking convictions. He notes he pled guilty to his charges in the course of two consolidated plea proceedings. More specifically, he pled guilty to two drug cases in one hearing, pled to four more in another hearing, and was

then sentenced on all six cases in a single sentencing hearing. His position is that, because of the consolidated proceedings, none of the convictions can serve as a preexisting conviction triggering enhanced mandatory penalties for the other counts.

■ ¶ 12 This argument fails. The plain language of Section 7508 requires enhanced sentences if, at the time of sentencing, the defendant has already been convicted of another drug trafficking offense such as PWID. 18 Pa.C.S.A. § 7508(a)(3)(iii). A person who pleads guilty to multiple drug trafficking counts in a consolidated proceeding acquires multiple convictions. When that person then proceeds to sentencing, the enhanced penalty language applies precisely because the person already has other convictions. *Bell,* 901 A.2d at 1034, 1037. Accordingly, Appellant's argument to the contrary has no merit.

■ ¶ 13 At points in Appellant's brief, he also contends that, if mandatory minima do apply to him, some of his charges should have been subject to minima of three or five years rather than seven. This Court is aware that 18 Pa.C.S.A. § 7508 discusses differing penalties based on the type of drugs, the amount of drugs and the number of other convictions. Appellant, however, does not develop an argument analyzing the facts of each of his charges, comparing those facts to the several provisions of Section 7508 and demonstrating for us which penalty applies to which charge.

■ ¶ 14 It not for this Court to develop an appellant's arguments. *Commonwealth v. Hardy,* 918 A.2d 766, 771 (Pa.Super.2007). Rather, it is the appellant's

However, without reviewing the actual motions, if indeed they were properly and timely filed, we cannot make an appellate assessment as to what legal theories were actually

argued and preserved. In short, we would be relying on the trial court's interpretation of documents not before us.

obligation to present developed arguments and, in so doing, apply the relevant law to the facts of the case, persuade us there were errors, and convince us relief is due because of those errors. *Wrecks*, 931 A.2d at 722; *Hardy*, 918 A.2d at 771. If an appellant fails to do so, we may find the argument waived. *Hardy*, 918 A.2d at 771. Thus, because Appellant has not developed his contention so as to facilitate meaningful review by this Court, we find this particular argument waived.

¶ 15 Appellant also contends that, because he was being sentenced on six cases, only five of the six warranted the enhanced penalties. The plain language of Section 7508 does not support this contention. Under Section 7508, the question is whether, at the time of sentencing for an offense, the defendant has already been convicted of other drug trafficking crimes. *Commonwealth v. Vasquez*, 562 Pa. 120, 753 A.2d 807, 809 (2000); 18 Pa.C.S.A. § 7508(a)(3)(iii). If, at the time of sentencing, a defendant has indeed already been convicted of other drug trafficking offenses, then the enhanced mandatory sentences apply to that defendant. *Vasquez*, 753 A.2d at 809. Put another way, when determining the appropriate mandatory sentence for a drug trafficking offense under Section 7508, the sentencing court looks back from the time of sentencing to determine whether the defendant already has been convicted of another drug trafficking offense. *Id.* A defendant has, in fact, already been "convicted of another drug trafficking offense" if that person has been convicted of a qualifying offense such as PWID, whether or not judgment of sentence has been entered thereon. 18 Pa.C.S.A. § 7508(a.1).

¶ 16 At the time the court imposed the first of the six mandatory penalties in this case, Appellant was already convicted of the other five because he had already pled guilty. Therefore, there was no sentencing at which Appellant did not already have other convictions. Rather, he had other convictions on all the offenses before he was sentenced for any of them. As such, on all counts, he was subject to enhanced mandatory minimum terms.

¶ 17 In reaching our decision, this Court is quite aware that trial courts in other multiple-count guilty pleas to similar charges have, at times, treated one of the counts as not being subject to the mandatory minimum sentence. *See Bell*, 901 A.2d at 1034. However, the fact that trial courts have done so does not change the unambiguous language of the statute as chosen by the Legislature. Moreover, the practice of exempting one count from the mandatory sentencing language has not been specifically sanctioned in our appellate courts through substantive legal analysis.

¶ 18 We are also aware there may be an instinct to assume that one of the offenses in a multiple-count plea should be regarded as a "first" that is not subject to an enhanced sentence. However, there are at least two responses to this instinct. First, and most importantly, our decision is based on the plain language of the statute. *See Commonwealth v. Boyd*, 941 A.2d 1, 7 (Pa.Super.2007). We are not entitled to alter that plain meaning. *Id.* To the contrary, the rules of statutory construction require us to interpret statutes according to their plain meaning. 1 Pa.C.S.A. § 1921(b). Thus, at the time of sentencing on the "first" of Appellant's six cases, he was already convicted of five other drug trafficking offenses and, therefore, was subject to the mandatory minimum, even on that so-called "first" case.

¶ 19 Second, although we are not called upon to evaluate the Legislature's reasoning behind the language of the statute, it may be helpful to recognize the following.

If a person has committed and been convicted of multiple offenses before being sentenced on any of them, it is rational to expect that such a person should be subject to a stricter penalty for all of the crimes. The reason is that the court already knows something about the person's character and behavior. Certainly the person would appear to be different for sentencing—on all counts—than a person who is being sentenced for only one case with no other convictions.

¶ 20 If the court already knows the defendant is a person who has committed and been convicted of other crimes, there is no purely logical requirement that one of the offenses be exempt from an enhanced penalty. Rather, one commonsense approach is to have the court impose stricter sentences on all charges precisely because the defendant is already known to have committed multiple crimes.

¶ 21 Of course, there could be a statutory requirement exempting one count as the "first," but logic alone does not demand such a statute. In the instant statute, the Legislature has not chosen language sequestering one of the offenses as a "first" that is free of the enhanced penalty.

¶ 22 The Dissent finds our application of the statute absurd. However, there is surely nothing absurd in the Legislature's decision to require more severe penalties, on all counts, for a person who is already known to have committed multiple drug trafficking offenses. Indeed, it seems quite sensible that the Legislature would do so.

¶ 23 The Dissent also suggests that its interpretation, wherein one offense would be exempted from the statutory language, is in keeping with the rules of statutory construction. In fact, however, the interpretation by the Dissent contravenes the rule of construction that we are not to disregard words of a statute when they are clear and free from all ambiguity. 1 Pa. C.S.A. § 1921(b). In this case, the words of Section 7508(a)(3)(iii) are clear. A person is subject to the enhanced mandatory when, at the time of sentencing, the person "has been convicted of another drug trafficking offense." 18 Pa.C.S.A. § 7508(a)(3)(iii). At the time of his sentencing, Appellant had been convicted of another drug trafficking offense. Therefore, he was subject to the enhanced mandatory penalties.

■ ¶ 24 While stating that its interpretation of the statute is more in keeping with the purpose of the statute, the Dissent does not explain what it believes that purpose to be. Possibly, the Dissent may view Section 7508(a)(3)(iii) as somewhat akin to a recidivist statute wherein offenders are punished with a lower penalty for an initial offense and are subject to enhanced penalties only on later offenses. However, case law makes plain that Section 7508(a)(3)(iii) does not follow a recidivist philosophy and cannot be rewritten to include such a purpose. *Boyd,* 941 A.2d at 6, 7.[3]

¶ 25 Based on the statute before us, it would appear the Legislature's purpose is reflected by its plain words. More specifically, the Legislature intended for certain

---

**3.** In *Commonwealth v. Shiffler,* 583 Pa. 478, 879 A.2d 185 (2005), our Supreme Court concluded that the three strikes law, 42 Pa.C.S.A. § 9714, reflected a recidivist philosophy. As such, the graduated penalties under that law were to be applied only to recidivists whose repeat offenses were separated by an inter- vening opportunity to reform. *Id.* at 186. In *Boyd,* we explicitly found the *Shiffler* rationale inapplicable to Section 7508 because the unambiguous language of that section calls for enhanced penalties where the defendant has other qualifying convictions at the time of sentencing. *Boyd,* 941 A.2d at 7.

people (*i.e.,* people with multiple convictions) to be sentenced in certain ways (*i.e.,* subject to enhanced mandatories). Thus, the courts are to follow the words of the statute.

¶ 26 The Dissent also contends Section 7508 requires "a prior conviction" for the application of the enhanced penalties. First, Section 7508(a)(3)(iii) does not speak of a prior conviction but, instead, of "another" conviction. 18 Pa.C.S.A. § 7508(a)(3)(iii). Second, to the extent one may choose to use the concept of "prior," the Supreme Court has made clear that the relevant inquiry concerns the events that occurred prior to sentencing. *Vasquez,* 753 A.2d at 811. That is, the sentencing court is to look back from the moment of sentencing. *Id.* Thus, what matters is whether, prior to the sentencing for an offense, the defendant had other convictions. In this case, Appellant had multiple convictions prior to sentencing on any count. Thus, he was subject to the mandatories on all counts.

¶ 27 In sum, then, Section 7508 is unambiguous. Its language demands the enhanced sentences because Appellant had other convictions by the time he reached sentencing. Appellant's claim to the contrary lacks merit.

¶ 28 Accordingly, we affirm the judgment of sentence.

¶ 29 Judgment of sentence affirmed.

¶ 30 Judge BENDER files a Concurring and Dissenting Opinion.

Concurring and Dissenting Opinion by BENDER, J.:

¶ 1 While I join the Majority's disposition of Appellant's challenges to his guilty plea and the discretionary aspects of his sentence, I respectfully dissent from that portion of the Majority's decision addressing the legality of his sentence. In particular, I disagree with the Majority's conclusion that the trial court was permitted to apply a mandatory minimum sentence to all six of his convictions, thereby not recognizing that one of these offenses must be considered the predicate offense that triggered the mandatory minimum provisions of 18 Pa.C.S. § 7508, which enhances the sentence when the defendant has been convicted of another drug trafficking offense.

¶ 2 Under the Majority's holding, a defendant with no prior record who is charged and convicted for multiple offenses is subject to the mandatory minimum for each and every conviction. Thus, the Majority concludes that in this case, "on all counts, [Appellant] was subject to enhanced mandatory minimums." Majority Opinion at 951. The Majority reaches this conclusion despite the lack of any precedent supporting its conclusion. In fact, underlying the most important decisions in this area of law, *Commonwealth v. Vasquez,* 562 Pa. 120, 753 A.2d 807 (2000), and *Commonwealth v. Bell,* 901 A.2d 1033 (Pa.Super.2006), the trial courts in both cases considered one of the offenses as the predicate offense before going on to apply the enhanced sentencing provisions for the remaining offenses. I conclude that this common sense approach to applying the enhanced sentencing provisions is more logical and is in keeping with the purpose of this law.

¶ 3 Simply stated, the statute requires a prior conviction, and therefore, one of Appellant's convictions must be considered that prior conviction and serve as the predicate offense. To hold otherwise would contravene our rules of statutory construction "that the legislature does not intend a result that is absurd." *Commonwealth v. Shiffler,* 583 Pa. 478, 879 A.2d 185, 189 (2005).

¶ 4 I am also bewildered by the trial court's decision to sentence Appellant in this fashion when the court could easily have considered one of Appellant's convictions as the predicate offense and still have sentenced Appellant to the same aggregate time of incarceration, if not more. Surely, the better course would have been to consider one of the offenses as the predicate and then sentence Appellant as the court deemed fit. Instead, we are left with an absurd result that the Majority now seeks to inscribe as precedent for the future. It is for this reason that I dissent.