J-S48026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY LEWIS | |
| Appellant | No. 20 MDA 2014 |

Appeal from the Judgment of Sentence May 30, 2013
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003270-2012

BEFORE:  DONOHUE, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 06, 2014**

Gary Lewis appeals the judgment of sentence of a minimum of 21 days

to a maximum of 6 months of house arrest with electronic monitoring under

an intermediate punishment program[1] for driving under the influence –

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Additional terms and conditions of Lewis' sentence included:

> an imposition of an $1,000.00 fine[;] the Defendant was to
> enroll, attend and complete the Alcohol Highway Safety
> Program[;] undergo evaluation for drug/alcohol treatment
> if recommended[;] participate in 15 hours of community
> service and a [Pennsylvania Department of Transportation]
> imposed driver's license suspension for 12 months.
> Furthermore, [Lewis'] sentence was delayed for 30 days
> with bail continuing throughout appeal proceedings.

Trial Court Opinion, 02/11/2014, at 1-2.

general impairment and for driving under the influence – highest rate of blood alcohol content convictions.[2]  We affirm on the basis of the well-reasoned trial court opinion.[3]

Lewis raises two issues on appeal:

> [I.] Whether the [t]rial [c]ourt's finding of guilt for DUI Highest Rate, was against the weight [of the] evidence.
>
> [II.] Whether the [t]rial [c]ourt's finding of guilt for DUI General Impairment was against the weight of the evidence.

Appellant's Brief at 5.

The standard of review for weight of the evidence claims is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none

---

[2] 75 Pa.C.S. §§ 3802(a)(1), (c), respectively.  Lewis' conviction under section 3802(a)(1) merged into his section 3802(c) conviction for sentencing purposes.  *See* Trial Court Opinion, at 1; 42 Pa.C.S. § 9765 (relating to merger of sentences).

[3] On May 30, 2013, following a bench trial, the trial court found Lewis guilty of the aforementioned charges. On July 23, 2013, the trial court imposed Lewis' sentence. On July 31, 2013, Lewis filed timely post-sentence motions, which were denied by operation of law on December 2, 2013. On December 24, 2013, Lewis filed a timely appeal.

The trial court did not direct Lewis to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On February 11, 2014, the trial court filed its Pa.R.A.P. 1925(a) opinion. Although Lewis only challenged the weight of the evidence in his post-sentence motion, the trial court analyzed both the sufficiency and weight of the evidence. Lewis did not challenge the sufficiency of the evidence in this Court, so we need not address it. ***See, e.g., Commonwealth v. Rush***, 959 A.2d 945, 950-51 (Pa.Super.2008).

of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

**Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa.2003).

When an Appellant attacks the credibility of trial testimony, our review is extremely limited. **Commonwealth v. Gibbs**, 981 A.2d 274, 282 (Pa.Super. 2009), *appeal denied*, 3 A.3d 670 (Pa.2010). Generally, unless the evidence is so unreliable or contradictory as to make any verdict based thereon pure conjecture, weight of the evidence claims will fail on appeal. **Commonwealth v. Trippett**, 932 A.2d 188, 198 (Pa.Super.2007).

In his first issue, Lewis argues that forensic scientist Larissa Sorochka failed to test his blood sample properly, and as a result, the Commonwealth's evidence of his blood alcohol content shocks the conscience. In support, Lewis asserts that Sorochka lacked knowledge regarding the calibration date for the pipettes used for testing, the date of expiration of Lewis' blood sample (or whether testing took palce before the sample expired); and the date of expiration or retention times of the control sample. Appellant's Brief at 12-15.

In his second issue where he challenges the weight of the evidence underlying his guilty verdict for DUI – general impairment, Lewis contends that based on his first argument, "the blood alcohol concentration should not be considered in determining whether he was capable of safe driving[ and t]he remaining evidence presented at trial was of insufficient weight to establish that [] Lewis was incapable of safe driving." Appellant's Brief at 16-17. In support, he asserts:

> While it is certainly true and relevant that an accident occurred in the present matter, Trooper Buznik did not know if something had occurred that le[d] to the car being driven up on to the curb. As such, the accident alone is not sufficient that Mr. Lewis was incapable of safe driving due to consuming alcohol.
>
> During Officer Huntzinger's interaction with Mr. Lewis, Officer Huntzinger detected an odor of alcohol and saw that Mr. Lewis had bloodshot eyes. (N.T. 58:7-19). Officer Huntzinger indicated that an odor of alcohol and bloodshot eyes do not equate to impairment but would at most indicate consumption. (N.T. 58:15-20). Officer Huntzinger stated that Lewis had a slight sway while Lewis was being questioned about the accident but indicated that Lewis was not using anything to lean against or prop himself on. (N.T. 60:11-24).
>
> Notably, Mr. Lewis's speech was not slurred. Additionally, the Officer did not perform Standard Field Sobriety Tests. As stated above, there were certainly signs of consumption of alcohol. However, the absence of standard field sobriety tests provides this Honorable Court with little evidence to establish that the consumption was of such a level to render Mr. Lewis incapable of safe driving.

Appellant's Brief at 17-18.

In denying relief, the trial court reasoned:

> In finding [Lewis] guilty, your undersigned jurist believed the witnesses presented by the Commonwealth after having the opportunity to examine the credibility of [forensic scientist] Larissa Sorochka, [Pennsylvania State] Trooper [Joseph] Buznik, and [Kingston Township Police] Officer Huntzinger. It is fair and reasonable to conclude that we weighed the evidence affording the necessary weight and credibility to the Commonwealth's witnesses and did so beyond a reasonable doubt.

Trial Court Opinion, 02/11/2014, at 5-6.

We have reviewed the record, the trial court opinion, the briefs and the relevant law and conclude that the opinion authored by Judge Augello correctly and thoroughly disposes of the claims raised by Lewis on appeal. Accordingly, we affirm on the basis of Judge Augello's opinion and direct the parties to attach copies of said opinion in the event of further proceedings in this matter.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/2014

- 5 -

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

| COMMONWEALTH OF PENNSYLVANIA | NO. 3270 OF 2012 |
| vs. | |
| GARY LEWIS, | CRIMINAL DIVISION |
| Defendant | |

## OPINION

### I.    Factual and Procedural Background

The Defendant was charged with Count 1 - Driving Under the Influence, General Impairment, Incapable of Safe Driving {75 Pa. C.S. § 3802 (a)(1)} and Count 2 - Driving Under the Influence, High Rate of Blood Alcohol Content {75 Pa.C.S. § 3802(c)}. A bench trial was held on Thursday, May 30, 2013 and the Defendant was found guilty on Count 1, with a further finding that the Commonwealth did not prove the happening of an accident beyond a reasonable doubt. The Defendant was found guilty on Count 2 as the Commonwealth did prove beyond a reasonable doubt that the Defendant's blood alcohol content was greater than .16. (Notes of Testimony of Bench Trial Proceedings, hereinafter "N.T." at pages 78-79).

On July 23, 2013, following a prior criminal history record check, the Defendant was sentenced to a minimum of 21 days house arrest with electronic monitoring as eligible under the intermediate punishment program, to a maximum of 6 months and where the convictions under Sections 3802(a)(1) and (c) merged for sentencing purposes. Additional terms and conditions included an imposition of a $1,000 fine, the

1

Defendant was to enroll, attend and complete the Alcohol Highway Safety Program, undergo evaluation for drug/alcohol treatment if recommended, participate in 15 hours of community service and a Penn Dot imposed driver's license suspension for 12 months. Furthermore, Defendant's sentence was delayed for 30 days with bail continuing throughout appeal proceedings.

On or about July 31, 2013, Defendant filed post-trial motions based upon the weight and sufficiency of the evidence presented at the bench trial. Defendant's Post-Sentence Motion was denied by operation of law on December 2, 2013, and on December 24, 2013 the Defendant thereafter appealed to the Superior Court relative to the finding of Guilt and from the denial of the Post-Sentence Motion.

## II. Motion in Arrest of Judgment and/or New Trial
### A. Sufficiency and Weight of Evidence

Defendant argues that his conviction on both counts was against the weight and sufficiency of the evidence in that the Commonwealth failed to establish beyond a reasonable doubt the Defendant's Blood Alcohol Content (BAC) and thus if the evidence was insufficient to determine the Defendant's BAC, then the weight of the evidence was also insufficient to warrant a finding of guilty as to Count 1, General Impairment.

The standard for *sufficiency* of the evidence is well-established in the Commonwealth. The standard is whether viewing all evidence admitted at trial in the light most favorable to the verdict winner, sufficient evidence exists to allow the finder of fact to find each element of the crime beyond a reasonable doubt. **Commonwealth** v. **Nahvandian**, 849 A.2d 1221 (Pa.Super. 2004). Consistent therewith in this case, the

2

Court must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to establish every element of the offense, beyond a reasonable doubt. **Commonwealth** v. **Krouse**, 799 A.2d 835 (Pa. Super. 2002). Any question of doubt is for the trier of fact, unless the evidence is so weak and inconclusive that as a matter of law, no probability of fact can be drawn from the combined circumstances. **Commonwealth** v. **Foreman**, 797 A.2d 1005 (Pa. Super. 2002).

Though the Commonwealth may rely solely on circumstantial evidence to prove a defendant guilty beyond a reasonable doubt, the Commonwealth presented (and proved) its case against Defendant herein through both direct and circumstantial evidence. That evidence consisted of the testimony of three witnesses; forensic scientist Larissa Sorochka, Pennsylvania State Trooper Joseph Buzink, and Kingston Township Police Officer Michael Huntzinger, Jr., as well as the laboratory results of Defendant's BAC testing.

Notably, this court took judicial notice without objection from Defendant that Northern Tier Research Center is an approved BAC testing facility by the Department of Health and as indicated in the Pennsylvania Bulletin. N.T. at pp. 4-5. Ms. Sorochka, duly admitted as an expert in the requested field of forensic science and toxicology, testified under oath of the results of the analysis she performed personally on the blood sample of the Defendant. Defendant's BAC was 0.231 percent. N.T. at p.18. Ms. Sorochka also testified relative to the chain of custody, which also appeared in her

3

report comprising Commonwealth Exhibit No. 1, duly received into evidence. N.T. pp. 18 and 74.

Trooper Buzink testified under oath that he personally witnessed a blue Pontiac Torrent drive up onto a curb and hit a traffic sign. Trooper Buzink pursued the vehicle for two-tenths of a mile and upon making contact with the driver, identified him to be the Defendant and observed and detected a strong odor of alcoholic beverage about the Defendant's person and where the Defendant had bloodshot and glossy eyes. At this point, Trooper Buzink requested the additional assistance of Kingston Township Police to investigate the incident. N.T. pp.40-42.

Kingston Township Police Officer Michael Huntzinger, Jr. testified under oath before the court. Officer Huntzinger corroborated that he was dispatched to the scene of Defendant's incident. Officer Huntzinger personally observed and perceived an odor of intoxicating beverage emanating from Defendant's person, his eyes were red and watery, the Defendant was unstable when standing and had a wobble/shudder to him. Officer Huntzinger developed an opinion that the Defendant was intoxicated to a state that he would not be able to drive his vehicle (even if the vehicle were mechanically functioning to drive as a tire was flattened). The Defendant agreed to submit to a blood test and Officer Huntzinger personally observed the phlebotomist at Geisinger Hospital draw the Defendant's blood. N.T. at pp. 47-51.

The credibility of the aforementioned witnesses is a question of fact to be determined exclusively by the fact-finder. **Commonwealth v. Smith**, 416 A.2d 494, 496 (Pa. 1980).

4

The facts and circumstances established by the Commonwealth do not need to preclude all possibilities of the innocence of the defendant and any questions of the guilt of the defendant may be decided by the finder of fact. **Nahvandian,** *supra* at. p. 1229. Thus, the Court in this non-jury trial had the ultimate determination in deciding the fate of the defendant where it is free to believe all, part or none of the evidence, and the verdict will not be overturned unless each element of a crime was not proven beyond a reasonable doubt. The evidence presented by the Commonwealth was sufficient beyond a reasonable doubt to sustain the guilty verdict on all counts and the verdict in this case should not be overturned based upon the sufficiency of the evidence.

The *weight* of the evidence is reserved for the finder of fact who is free to believe all, part, or none of the evidence and to examine the credibility of the witnesses. **Commonwealth v. Champney,** 832 A.2d 403, 408 (Pa. 2003); **Commonwealth v. Nahvandian,** 849 A.2d 1221, 1231 (Pa.Super. 2004). Thus, overturning a verdict based upon the weight of the evidence is very difficult and highly unusual and where the only way to overturn a verdict based upon the weight of the evidence is if the verdict is so contrary to the evidence that it "shocks one's sense of justice." *Id.*

Certainly it cannot be said in the present instance that the Court's verdict served to "shock one's sense of justice." In finding the Defendant guilty, your undersigned jurist believed the witnesses presented by the Commonwealth after having the opportunity to examine the credibility of Ms. Sorochka, Trooper Buzink and Officer Huntzinger. It is fair and reasonable to conclude that we weighed the evidence affording the necessary weight and credibility to the Commonwealth's witnesses and

5

did so beyond a reasonable doubt. Accordingly, the verdict should not be overturned based upon the weight of the evidence.

Accordingly, we enter the following:

**ORDER IS ATTACHED SEPARATELY AS PAGE NO. 6.**