J-S75005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DAVID J. ELLIOTT, SR. | |
| Appellant | No. 889 EDA 2016 |

Appeal from the Judgment of Sentence April 20, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005048-2013

BEFORE:  BOWES, MOULTON AND MUSMANNO JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 12, 2017**

David J. Elliott, Sr. appeals from the judgment of sentence of eleven and one-half to twenty-three months imprisonment followed by eight years probation that was imposed after he entered a negotiated guilty plea to burglary.  We affirm.

The affidavit of probable cause indicates the following.  On May 18, 2013, Whitemarsh Township Police Detective G. Lattanze[1] was called to investigate a case of sexual assault that occurred at the Holiday Inn on 432 Pennsylvania Avenue, Whitemarsh.  He spoke with the victim, C.M.  C.M. reported that she arrived at the Holiday Inn by limousine in the early

_____

[1] Detective Lattanze did not use his full first name anywhere in the affidavit of probable cause.

morning hours of May 18, 2013. Appellant was the desk clerk who checked her into her room, and the victim said that he accompanied her to her room and used a key card to allow her inside. The victim immediately went to bed fully clothed. Within moments, a man entered the room without her permission, laid down next to her in bed, rubbed her vagina over her underwear, touched her breast, and twice asked if she needed assistance removing her clothing. After the victim responded both times that she did not want her clothing removed, the intruder left. When she awoke that morning, C.M. discovered $300 in cash and a cell phone missing from her purse.

A hotel report about key card use for the victim's room demonstrated that Appellant used his master key card to enter C.M.'s room twice, once at 3:18 a.m. and the second time at 5:37 a.m. Video surveillance of the front desk area showed the following. When the victim arrived at approximately 3:15 a.m., Appellant left the front desk, accompanied the victim inside an elevator, and returned to the desk fourteen minutes later. Appellant left the front desk area again at approximately 5:30 a.m. and entered a stairwell.

On April 20, 2015, the day of his scheduled trial, Appellant, represented by lawyers Matthew W. Quigg, Esquire, and Timothy Woodward, Esquire, tendered a negotiated guilty plea to a single count of burglary. Other charges were *nol prossed*, including indecent assault and trespass, and the negotiated sentence was set at eleven and one-half to twenty–three

months imprisonment, without the possibility of parole until Appellant had served eighteen months of his term, to be followed by eight years probation. Appellant had executed a written guilty plea form, and the trial court began to engage in an oral colloquy. During the course of this colloquy, Appellant stated that he had changed his mind about entering a guilty plea.

The plea court immediately recessed the proceeding and directed Appellant to discuss the matter with his lawyers. Seventy minutes later, Appellant returned and stated that he wanted to enter the guilty plea. The trial court thereafter conducted a full oral colloquy from the beginning, accepted the guilty plea, and sentenced Appellant in accordance with the negotiated terms. Appellant filed a timely, counseled motion to withdraw his guilty plea raising the single claim that the guilty plea was invalid because he had been given insufficient time to consider the matter. That motion was denied on May 27, 2015, with the trial court concluding that Appellant had sufficient time to consider whether to enter the guilty plea during the recess accorded by the court.

While Appellant failed to litigate a direct appeal, on November 3, 2015, he filed a *pro se* document seeking to withdraw his guilty plea. He claimed that he was innocent and that his trial attorneys induced his plea by incorrectly advising Appellant that he was subject to ten year minimum term

under the second strike law based upon his commission of a prior felony. *See* 42 Pa.C.S. § 9714.[2]  Appellant asserted that, since his prior conviction was committed more than seven years before the present burglary, the second strike law did not apply.  That document was treated as a PCRA petition, and counsel was appointed.

Counsel filed an amended PCRA petition.  Counsel indicated that he consulted with Appellant, who said that he had asked his guilty plea attorneys to file a direct appeal.  Counsel requested reinstatement of Appellant's direct appeal rights, and the Commonwealth did not oppose Appellant's request, which was granted on February 23, 2016.  This timely appeal followed.

_____

[2] That provision states:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

42 Pa.C.S. § 9714.  The constitutionality of § 9714 is currently being considered by our Supreme Court.  ***Commonwealth v. Bragg***, 143 A.3d 890 (Pa. 2016).

The following issues are raised on appeal: 1) "Did the trial court err in accepting Appellant's guilty plea on April 20, 2015, in that the plea was coerced and was not entered knowingly, intelligently and voluntarily[?]"; and 2) "Did the trial court err in its denial of Appellant's motion to withdraw guilty plea, filed on or about April 29, 2015[?]" Appellant's brief at v.

On appeal, Appellant maintains that his guilty plea was not knowingly, voluntarily, and intelligently entered because he was erroneously advised in his written colloquy that he could, in this direct appeal, challenge his guilty plea based upon an allegation that his attorney was ineffective. Appellant's brief at 9-10. Appellant observes that this information disseminated in the written form is incorrect under ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002), wherein our Supreme Court ruled that averments of ineffective assistance of counsel can no longer be raised on direct appeal.

We first note that it is within the discretion of the trial court as to whether a defendant should be permitted to withdraw a guilty plea. ***See Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1291–92 (Pa. 2015). Once sentence is imposed, a defendant cannot withdraw his plea unless he demonstrates that "the court, by denying withdrawal, would be sanctioning a manifest injustice. Such a manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." ***Commonwealth v. Gunter***, 771 A.2d 767, 771 (Pa. 2001). Herein, as noted, the plea court rejected the claim raised in Appellant's timely motion

to withdraw his guilty plea, which was that he was not given sufficient time to consider the offer negotiated with the Commonwealth.

Moreover, Appellant has failed to preserve, for purposes of appeal, the sole position specifically raised herein, which is that he could withdraw his guilty plea on the basis that he was informed incorrectly in the written colloquy that he could challenge plea counsel's effectiveness on direct appeal. While Appellant did present a post-sentence motion to withdraw his guilty plea, he sought that relief on a ground that is different from the one presented to this panel. We articulated the pertinent concepts in *Commonwealth v. Rush*, 959 A.2d 945, 948–49 (Pa.Super. 2008) (citations omitted; emphasis added):

> Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. Similarly, challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. **Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved**.

Under these precepts, Appellant waived, for purposes of this appeal, all legal theories to attack the validity of his guilty plea other than the one

raised in his timely post-sentence motion, which differed from his present averment.[3]

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2017

---

[3] We do observe that Appellant still retains the ability to raise any challenges to plea counsels' ineffectiveness in a PCRA petition. Indeed, to the extent that Appellant's brief raises generalized claims of ineffectiveness of plea counsel in connection with the plea process, these averments must be deferred to post-conviction proceedings. **See Grant**, **supra**, and its progeny.