J-S86022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KAYLA SHANIYAH SMITH | |
| Appellant | No. 457 WDA 2016 |

Appeal from the Judgment of Sentence February 29, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009206-2016

BEFORE:  GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.:               **FILED FEBRUARY 07, 2017**

Kayla Shaniyah Smith appeals from the February 29, 2016 judgment of sentence entered in the Allegheny County Court of Common Pleas following Smith's entry of a guilty plea to prostitution, 18 Pa.C.S. § 5902(a)(1).  We affirm.

On February 29, 2016, following both written and oral colloquies, Smith pled guilty to one count of prostitution and was sentenced to one year of reporting probation.  She did not file post-sentence motions.  On March 30, 2016, Smith filed a timely notice of appeal with this Court.  On April 25, 2016, Smith filed a Pennsylvania Rule of Appellate Procedure 1925(b)

_____

[*] Former Justice specially assigned to the Superior Court.

concise statement of errors on appeal and a motion to withdraw her guilty plea in the trial court.

On appeal, Smith asserts that: (1) her guilty plea was not knowing, intelligent, and voluntary; (2) the trial court erred in denying her motion for a continuance of trial; and (3) the trial court pressured her to plead guilty by threatening to revoke her bond if she proceeded to trial.

It is well settled that "[i]ssues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). To preserve a challenge to his or her guilty plea, the defendant must either object during the plea colloquy or raise the claim in a timely filed post-sentence motion. **Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa.Super. 2013); **see also Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa.Super. 2008) ("[A] request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal.").

Here, Smith did not raise a concern about the voluntariness of her plea at the plea proceeding or in a timely filed post-sentence motion. Further, the trial court lacked jurisdiction to consider Smith's motion to withdraw guilty plea because she filed it well beyond the ten-day period for filing post-sentence motions and after she had appealed to this Court. **See** Pa.R.Crim.P. 720(A)(1) (requiring written post-sentence motions to be filed within 10 days after imposition of sentence); Pa.R.A.P. 1701(a) ("[A]fter an appeal is taken . . ., the trial court . . . may no longer proceed further in the

matter."); ***see also*** 42 Pa.C.S. § 5505 (permitting trial court to modify or rescind order within 30 days only "if no appeal from such order has been taken").[1] Therefore, Smith has waived her challenges to the validity of her plea. ***See Lincoln***, 72 A.3d at 611.

We also reject Smith's claim that the trial court erred in denying her request for continuance of the trial. The trial court had scheduled a non-jury trial for February 29, 2016.[2] When the parties convened on that date, Smith's counsel informed the trial court that Smith had changed her mind and wanted a jury trial. N.T., 2/29/16, at 2-3. The trial court stated, "Your bond is revoked. Take her into custody. We'll sign your request for postponement, and we will schedule this [trial] in about three months." ***Id.*** at 4.

Subsequently, after a recess, Smith's counsel informed the trial court that she had negotiated a plea agreement with the Commonwealth. ***Id.*** at 16-17. The trial court conducted an on-the record colloquy with Smith, after which it accepted her guilty plea. ***Id.*** at 19-23. Smith did not request any

---

[1] We recognize that Rule 720(B)(1)(c) provides that "[i]ssues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues." Pa.R.Crim.P. 720(B)(1)(c). Smith, however, failed to challenge the validity of her plea in the trial court at any time before filing her Rule 1925(b) statement and untimely motion to withdraw.

[2] The trial court had initially scheduled the trial for January but continued it to February at Smith's request. N.T., 2/29/16, at 2.

further continuance.  Therefore, Smith's request to postpone the trial, which the trial court was prepared to grant, became moot once she entered a guilty plea.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2017

_____

[3] The trial court further clarified:

> While this Court did note at one point on February 29, 2016 that it would sign a motion for postponement, this Court made that comment because it was under the impression that such a motion was going to be filed by [Smith].  However, this Court was never in a position to rule on a motion to postpone this case because no such motion was ever filed.  Accordingly, because no such motion was filed, this Court could not have erred in denying it.

Trial Ct. Op., 6/22/16, at 3.  We agree.