J-S28041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | N THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIA ALANA MCELROY | : | |
| | : | |
| Appellant | : | No. 1811 MDA 2017 |

Appeal from the Judgment of Sentence October 19, 2017
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s): CP-40-CR-0000909-2017

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:

Maria Alana McElroy ("McElroy") appeals from the judgment of sentence entered following her guilty plea to driving under the influence of alcohol (DUI)-highest rate of alcohol (third offense). **See** 75 Pa.C.S.A. § 3802(c). We affirm.

The guilty plea colloquy is not part of the certified record. The Affidavit of probable cause indicates that on November 19, 2016, at about 3:00 a.m., Dupont Police Officer Cassandra Marie Kudzinowski ("Officer Kudzinowski") observed McElroy drive her vehicle the wrong way on a one-way road. Affidavit of Probable Cause (Officer Kudzinowski), 12/30/16, at 1. After stopping McElroy's vehicle, Officer Kudzinowski noticed that McElroy's eyes were bloodshot, and her speech was slurred. **Id.** When asked, McElroy indicated that she had traveled from a bar in Scranton. **Id.** At Officer Kudzinowski's request, McElroy agreed to take a Preliminary Breath Test

("PBT"), which showed a .16% level of alcohol on McElroy's breath. *Id.* Officer Kudzinowski asked if McElroy would go to Geisinger Hospital and give blood for an alcohol test, and McElroy replied "yes." *Id.* At the request of Officer Kudzinowski, McElroy contacted friends to retrieve her vehicle. *Id.* Officer Kudzinowski asked McElroy for her keys, and advised McElroy that she could wait for her friends in McElroy's vehicle. *Id.* As McElroy reached for her purse containing the keys, Officer Kudzinowski observed a box of alcohol on the front seat. *Id.* As Officer Kudzinowski bent to retrieve the box, she observed drug paraphernalia on the front passenger seat. Searching McElroy's vehicle, Officer Kudzinowski discovered additional paraphernalia, as well as a small plastic bag containing marijuana. *Id.*

At the hospital, Officer Kudzinowski read McElroy the ***O'Connell*** warnings,[1] indicating increased criminal penalties for refusing to consent to a blood draw. *Id.* at 2. McElroy signed the form and submitted to blood testing. *Id.* The test revealed McElroy's blood alcohol content to be .179%. *Id.*

---

[1] "***O'Connell*** warnings" refer to the obligation of police officers to inform motorists, of whom the officer requests chemical testing, that the ***Miranda*** rights are inapplicable to such tests under the Pennsylvania Implied Consent Law. ***See Commonwealth, Dep't of Transp. v. O'Connell***, 555 A.2d 873 (Pa. 1989). Critical to this case, the officer informed McElroy that she would suffer legal consequences if she refused her consent to the blood draw.

McElroy subsequently was charged with two counts each of DUI-highest rate of alcohol and DUI-general impairment,[2] and one count each of driving the wrong way on a one-way street,[3] possession of a small amount of marijuana[4] and possession of drug paraphernalia.[5]  On August 2, 2017, McElroy entered a negotiated guilty plea to the charge of DUI-highest rate of alcohol (third offense), in exchange for a recommended sentence of 1-2 years of incarceration, to be served in house arrest.  Thereafter, the trial court sentenced McElroy to 1-2 years in jail, after which McElroy filed the instant, timely appeal,[6] followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

McElroy presents the following claim for our review:

> Was [] McElroy sentenced illegally, by being sentenced under the highest tier of the DUI statute[,] after being read implied consent warnings which were found unconstitutional in **Birchfield** [**v. North Dakota**, 136 S. Ct. 2160 (2016)], a United States Supreme Court decision which invalidated Pennsylvania's implied consent contained in DL-26B[?]

---

[2] 75 Pa.C.S.A. § 3802(a)(1).

[3] **Id.** § 3308(b).

[4] 75 P.S. § 780-113(a)(31)(i).

[5] **Id.** § 780-113(a)(32).

[6] The 30-day time period for McElroy to file her direct appeal expired on Saturday, November 18, 2017.  McElroy filed her Notice of Appeal on Monday, November 20, 2017, the first business day following the expiration of the appeal period.  Accordingly, McElroy's appeal was timely filed.  **See** 1 Pa.C.S.A. § 908 ("Computation of time").

Brief for Appellant at 5.

McElroy contends that her sentence for DUI-highest rate of alcohol is illegal, as it relied upon a blood draw that was the result of the **O'Connell** warnings, which were declared unconstitutional by the United States Supreme Court in **Birchfield**.[7]  **Id.** at 9.  McElroy points out that the police obtained no warrant for a blood draw, and that her consent to the blood draw was the direct result of the threat of greater jail time should she not consent to the blood draw.  **Id.**  According to McElroy, her sentence was based on "something it could not have been based upon, on proof which was legally unavailable to the trial court."  **Id.** at 10.

This Court has summarized the holding in **Birchfield**, and its application to Pennsylvania's implied consent statutes, as follows:

> In **Birchfield**, the United States Supreme Court recognized that "[t]here must be a limit to the consequences to which motorists may be deemed to have consented by virtue of a decision to drive on public roads."  **Birchfield**, 136 S. Ct. at 2185.  Of particular significance, **Birchfield** held that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense."  **Id.** at … 2186.  Accordingly, this Court has recognized that Pennsylvania's implied consent scheme was unconstitutional insofar as it threatened to impose enhanced criminal penalties for the refusal to submit to a blood test.  **Commonwealth v. Ennels**, 167 A.3d 716, 724 (Pa. Super. 2017), **reargument denied** (Sept. 19, 2017) (noting that "implied consent to a blood test cannot lawfully be based on the

---

[7] "[A]n appellant may raise legality of sentencing claims for the first time on direct appeal." **Commonwealth v. Lankford**, 164 A.3d 1250, 1252 n.5 (Pa. Super. 2017).

threat of such enhanced penalties"); *Commonwealth v. Evans*, 153 A.3d 323, 330-31 (Pa. Super. 2016).

*Commonwealth v. Kurtz*, 172 A.3d 1153, 1157 (Pa. Super. 2017).

Our review of the record discloses that McElroy did not dispute the admissibility of the blood test results, or the validity of her consent to undergo blood testing, at any point prior to filing her Notice of Appeal; the first time she raised the issue was in her Pa.R.A.P 1925(b) Concise Statement. Furthermore, McElroy pled guilty to the DUI charge in question. Thus, McElroy has waived any challenge to the admissibility of her blood test results based upon *Birchfield*. *See, e.g., Commonwealth v. Singleton*, 169 A.3d 79, 81 (Pa. Super. 2017) (stating that "a plea of guilty constitutes a waiver of all non[-]jurisdictional defects and defenses[,] and waives the right to challenge anything but the legality of the sentence and the validity of the plea.") (internal quotation marks omitted).

McElroy attempts to avoid waiver by casting her *Birchfield* claim as a challenge to the legality of her sentence. As set forth above, McElroy contends that her sentence was based on "something it could not have been based upon, on proof which was legally unavailable to the trial court." Brief for Appellant at 10.

This Court has rejected a similar argument, explaining that "while *Birchfield* issues may raise a question regarding the legality of sentence, that principle applies only if the defendant received an increased punishment due to a refusal. In this case, where [the defendant] did not

refuse and did not seek suppression of the blood evidence, there is no illegality to correct." **Commonwealth v. Kehr**, 180 A.3d 754, 759 n.2 (Pa. Super. 2018) (citation omitted).

Here, McElroy did not receive an increased punishment due to a refusal to submit to chemical testing, nor did she seek suppression of her blood test results. Accordingly, McElroy's sentence is not rendered illegal by **Birchfield**. **See id.** Consequently, we cannot grant McElroy relief on this claim.

McElroy also asserts that, because her sentence is illegal, her plea was involuntary, because she was not advised that "the law prohibited the introduction of her blood test results, and that the sentence being offered was above the range of those offered for a general impairment violation of the DUI statute." Brief for Appellant at 11. McElroy argues that the trial court had the obligation to inquire into the facts surrounding the plea, including the blood draw forming the basis of her plea. **Id.** According to McElroy, "a plea to the highest tier [was] unknowing, unintelligent, and probably involuntary."[8] **Id.**

---

[8] McElroy also argues that there was a chance to suppress significant evidence and her plea counsel rendered ineffective assistance for not filing a pre-trial suppression motion. Brief for Appellant at 11. We decline to address McElroy's ineffectiveness claim without prejudice for her to raise it in post-conviction collateral proceedings. **See Commonwealth v. Woeber**, 174 A.3d 1096, 1109 n.16 (Pa. Super. 2017) (recognizing that, as a general rule, a defendant should wait to raise claims of ineffective assistance of trial counsel until collateral review). Such claims are within the purview of the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

The trial court and the Commonwealth agree with McElroy's assertion. *See* Brief for the Commonwealth at 3 (stating that "McElroy appears to be correct that the blood draw that provided the factual basis for her plea and sentence under 3802(c) … would have been suppressed under ***Birchfield v. North Dakota***."); Trial Court Opinion, 1/25/18, at 2 (stating that "McElroy[] should have been [s]entenced pursuant to 3802[(A)(1)], 3rd offense, resulting in a sentence of 10 days to 2 years.").

Our review of the record discloses that McElroy did not raise this claim by filing a post-sentence motion.

> [A] request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. ... Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court….

***Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa. Super. 2008) (citations omitted).  Thus, the claim is not preserved for our review.

Even if McElroy had preserved this claim, it is not clear, based upon the record before us, whether McElroy would be entitled to relief.  In the Affidavit of Probable Cause, Officer Kudzinowski stated that at the scene of the vehicle stop, she "asked [McElroy] if [McElroy] would go to Geisenger Hospital with [her] and give blood for an alcohol test.  She said yes."  Affidavit of Probable Cause (Officer Kudzinowski), 12/30/16, at 1.  Officer Kudzinowski further stated that "[m]yself and [McElroy] arrived at the hospital at approximately 03:50 hrs.  I then read her the chemical testing warnings (DL-26B)[,] which

she signed agreeing to submit a sample of blood, which she did so at approximately 04:01 hrs." ***Id.*** at 1-2.

In ***Commonwealth v. Haines***, 168 A.3d 231 (Pa. Super. 2017), this Court addressed a situation in which it was unclear as to whether the defendant had consented to the blood test before or after having been read the DL-26 form, which improperly threatened criminal penalties for refusal to submit to the blood test, in violation of ***Birchfield*** and its progeny. This Court explained that,

> [i]f [the defendant] validly consented before being informed that he faced enhanced criminal penalties for failure to [submit to a blood draw], then his consent would not be tainted by the warning and the blood test results would be admissible. If, however, he did not consent until after [the officer] informed him that he would face enhanced criminal penalties if he refused to consent, then the trial court did not necessarily err in granting his motion to suppress the test results.

***Haines***, 168 A.3d at 236 (emphasis omitted).

Here, as in ***Haines***, the trial court's Opinion does not address the important temporal distinction between the ***O'Connell*** warning and McElroy's consent to the blood draw. The trial court states instead that "[a] review of the [A]ffidavit of [P]robable [C]ause reflects that [McElroy] was arrested on November 19, 2016, and a blood draw was completed on that date." Trial Court Opinion, 1/25/18, at 2. However, the Affidavit of Probable Cause indicates that McElroy consented to the blood draw *before* being wrongfully informed of increased penalties for refusing the blood draw. Affidavit of Probable Cause (Officer Kudzinowski), 12/30/16, at 1. By not filing a motion

to withdraw her guilty plea, McElroy has deprived the trial court of the opportunity to address the issue regarding the timing of McElroy's consent, and whether **Birchfield** is implicated in this case. We therefore conclude that, because McElroy did not raise this issue before the trial court, it is not preserved for our review. **See Rush**, 959 A.2d at 949; Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal). Accordingly, we affirm McElroy's judgment of sentence.

Judgment of sentence affirmed.

Judge Kunselman joins the Memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/2/18