J-S17040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VALERIE VENEZIA | : | |
| | : | |
| Appellant | : | No. 2639 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 18, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000604-2023

BEFORE: BOWES, J., KING, J., and BENDER, P.J.E.

JUDGMENT ORDER BY BENDER, P.J.E.: **FILED JUNE 06, 2024**

Appellant, Valerie Venezia, appeals from the judgment of sentence of six months' probation, imposed after she pled guilty to one count of possession of a controlled substance, 35 P.S. § 780-113(a)(16). Appellant solely argues that her guilty plea colloquy was defective and, therefore, her plea was unknowing and involuntary. After careful review, we affirm.

On May 15, 2022, Appellant was arrested for possession of heroin and/or fentanyl. On September 18, 2023, she entered a negotiated guilty plea to a single count of possession of a controlled substance, and was sentenced that same day to the agreed-upon term of six months' probation. Appellant did not file any post-sentence motion.

On October 5, 2023, Appellant filed a timely notice of appeal, and she subsequently complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed its

Rule 1925(a) opinion on October 24, 2023. Herein, Appellant states one issue for our review:

1. Did the [trial] court err in accepting [Appellant's] guilty plea since the plea was not knowingly and voluntarily entered because [Appellant's] oral guilty plea colloquy failed to explain that [she] had a right to a jury trial, failed to explain that a jury's verdict would need to be unanimous, failed to explain that the Commonwealth would be required to prove [her] guilt beyond a reasonable doubt, and failed to explain the right to confront and cross-examine witnesses at trial?

Appellant's Brief at 3.

Appellant challenges the validity of her guilty plea, arguing that the oral colloquy was insufficient and, thus, her plea was involuntary and unknowing. However, as stated above, Appellant did not file any post-sentence motion seeking to withdraw her plea. This Court has previously held that a defendant cannot obtain review of a claim seeking to withdraw his/her guilty plea when he/she "failed to preserve it properly by either objecting during the plea colloquy or filing a post-sentence motion to withdraw the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 611 (Pa. Super. 2013) (citing Pa.R.Crim.P. 720(B)(1)(a)(i)); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[1] Accordingly, Appellant has waived her challenge to the validity of her guilty plea for our review.

_____

[1] We note that Appellant does not assert that she preserved her issue orally at her guilty plea and sentencing hearing, and the certified record does not

*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/6/2024

---

contain the transcript of that proceeding for us to review. "[T]he duty to ensure the certified record contains all the facts and documents necessary for our review lies with the appellant. Thus, because our review necessitates a determination of whether issues were preserved, the appellant has the burden to demonstrate which part of the certified record reveals the preservation of the appellate issues." **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008) (internal citation omitted). Appellant has failed to meet this burden in the instant case.