J-S22022-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FORREST ALLISON GRIBBLE, | : | |
| | : | |
| Appellant | : | No. 1394 MDA 2015 |

Appeal from the Judgment of Sentence July 30, 2015
in the Court of Common Pleas of Centre County
Criminal Division, at No(s): CP-14-CR-0001040-2013

BEFORE:    MUNDY, J., DUBOW, J., and STRASSBURGER, JJ.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:    **FILED MAY 13, 2016**

I respectfully dissent.

The record before us reveals that Appellant preserved only a claim that the motion to revoke was untimely filed because he had completed his ARD program before the Commonwealth filed its motion to revoke.[1]  Appellant's issue on appeal that the Commonwealth failed to file its motion within a reasonable time as prescribed by Pa.R.Crim.P. 318 does not appear within the contents of the certified record received by this Court.[2,3]  "[T]his Court

---

[1] **See** Order of Court, 11/5/2014 (granting the motion to revoke Appellant's ARD despite the fact that Appellant received notice prior to the motion that he had "fulfilled all of the conditions" of the program.).

[2] Both the trial court and the Commonwealth acknowledge that, following the filing of the motion to revoke Appellant's ARD, argument was held and the motion was granted.  There is no transcript of this proceeding in the certified record nor is there an explanation for its absence.  **See** Pa.R.A.P. 1923 ("If no report of the evidence or proceedings at a hearing or trial was

*Retired Senior Judge assigned to the Superior Court.

cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court." *Commonwealth v. Lincoln*, 72 A.3d 606, 610 (Pa. Super. 2013) (quoting *Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008)).

For this reason I would deem Appellant's issue waived and would affirm his judgment of sentence.

---

made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection.").

[3] At Appellant's stipulated non-jury trial, defense counsel stated "We are having a non-jury trial to preserve the issue … regarding [Appellant's] ARD revocation. … Our position is that the Commonwealth's petition to revoke his ARD was untimely filed and it was an error of law to subsequently revoke him." N.T., 5/11/2015, at 3. This bald assertion, without any accompanying argument regarding Pa.R.Crim.P. 318, is not enough to inform this Court if Appellant properly preserved this issue by raising it with the trial court below.