J-S72040-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICIA ANN PARTHE, | : | |
| | : | |
| Appellant | : | No. 718 MDA 2016 |

Appeal from the Judgment of Sentence March 9, 2016,
in the Court of Common Pleas of Berks County,
Criminal Division, at No(s): CP-06-CR-0004500-2015

BEFORE: GANTMAN, P.J., DUBOW, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.: **FILED NOVEMBER 22, 2016**

Patricia Ann Parthe (Appellant) appeals from the judgment of sentence imposed after she pled guilty to theft by unlawful taking. Upon review, we affirm.

The Commonwealth summarized the factual history underlying Appellant's guilty plea as follows.[1]

> At the sentencing hearing, the lower court heard testimony from two of the victims in the instant matter. Victim Leianne Cunningham Munch (hereinafter "Mrs. Cunningham Munch") testified that the company, Munch Mechanical and Industrial, Inc., (hereinafter "the company") hired [Appellant] in April 2015 to handle the company's payroll. [Appellant's] initial job performance was satisfactory. During the first months of her employment, [Appellant] earned Mrs. Cunningham Munch's trust by attending church with her and her [family], caring for her

---

[1] Only the Commonwealth has provided this Court with a detailed recitation of the factual history of this case, consisting mostly of testimony provided by one of the victims during the March 9, 2016 sentencing hearing. We further note that this Court has not received a copy of the guilty plea transcript.

*Retired Senior Judge assigned to the Superior Court.

dogs, and running small errands. The company eventually hired [Appellant's] husband.

Beginning in July 2015, [Appellant's] attendance became sporadic to such a degree that Mrs. Cunningham Munch considered terminating [Appellant's] employment. In reviewing her job performance, Mrs. Cunningham Munch discovered that [Appellant] had embezzled over $20,000 from the company by inflating her own pay and that of [Appellant's] husband. The loss led the company to hire accountants in order to keep the "small ma-and-pa business afloat."

When Mrs. Cunningham Munch confronted [Appellant] with her crimes, [Appellant] calmly admitted her guilt. In so doing, she expressed no remorse and made no offer to repay the stolen money. [Appellant] further admitted that the company was not her first victim, showing no remorse for her past crimes. Finally, Mrs. Cunningham Munch reviewed [Appellant's] Facebook page which revealed that [Appellant] had gone on an extensive vacation and had a "wonderful summer." In addition to live testimony, two letters written by [Appellant's] victims from previous cases were reviewed by the court prior to the imposition of sentence.

In support of her request for a county jail sentence, [Appellant's] daughter testified that [Appellant] "always provided for" her and her brother. [Appellant's] husband Robert [Parthe] testified that he was unaware that [Appellant] was stealing from the company and that [Appellant] is extremely remorseful. Robert Parthe further testified that he forgives Mrs. Cunningham Munch for "causing a lot of drama" for their family by "harassing" them after [Appellant's] felonious activities were revealed. Speaking on [Appellant's] behalf, [Appellant's] counsel described her mental health issues which prevented her from attending court on a prior occasion because she had "checked herself into Schuylkill Medical Center for psychological problems she was having."[2]

---

[2] Counsel averred Appellant was "extremely remorseful" and had voluntarily committed herself following an attempted suicide after learning about the death of Jim Munch, a co-owner of Munch Mechanical and Industrial, Inc. N.T., 3/9/2016, at 15-16.

Prior to imposing sentence, the lower court reviewed [Appellant's] incomplete PSI. In addition to the 18 misdemeanor and felony priors reflected in the PSI, the parties agreed that several more offenses were not included for some unknown reason. The overwhelming majority of [Appellant's] prior convictions, which included at least four felonies of the 3rd degree, are for theft offenses or other offenses involving fraud/dishonesty in financial matters. Furthermore, 17 of the counts for which [Appellant] was convicted resulted in concurrent sentences. Finally, of the $106,454.06 in restitution ordered in [Appellant's] previous cases since 2003, she paid only $10,081.01 at the time of her sentencing in the instant matter.

The parties agreed that [Appellant's] prior record score is 4. The offense gravity score for the theft charge is 5, placing the standard range at 9 to 16 months, with an aggravated range of 19 months.

Commonwealth's Brief at 3-5 (citations removed).

Appellant entered an open guilty plea to the aforementioned crime on January 5, 2016. She was sentenced on March 9, 2016, to the statutory maximum: a term of three and one-half years to seven years of imprisonment.

On March 24, 2016,[3] Appellant filed post-sentence motions requesting, *inter alia*, to modify her sentence, which the trial court denied following a hearing on April 14, 2016. This appeal followed, wherein Appellant's sole issue is "[w]hether the [sentencing court] imposed an impermissibly

_____

[3] Following her sentencing hearing, Appellant expressed a desire to file an ineffectiveness claim against trial counsel. The trial court thereafter appointed new counsel and granted Appellant an additional ten days to file post-sentence motions. Therefore, Appellant's post-sentence motions, filed fifteen days after her sentencing hearing, were timely-filed.

excessive sentence beyond even the aggravated sentencing guidelines without a sufficient basis in the record for doing so?" Appellant's Brief at 6.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his [or her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Here, Appellant filed timely post-sentence motions and a notice of appeal, and included a statement pursuant to Rule 2119(f) in her brief. On appeal, Appellant alleges the reasons given by the sentencing court for imposing the statutory maximum "may [have justified] an aggravated sentence, but they are hardly so unusual as to justify a total departure from the guidelines." Appellant's Brief at 9. She further argues that

> Appellant's theft of approximately $22,000.00 is not unusually high as felony theft cases go, and is not an amount so high that it would be effectively impossible for a person to make restitution payments towards in the course of their supervision. The Assistant District Attorney made some remarks about pending restitution in other cases in other counties, but those

- 4 -

remarks are not evidence and were not, apparently, considered by the sentencing court.

The sentencing court pointed to [A]ppellant's risk of recidivism and undersigned counsel does not disagree that risk can reasonably support an escalation of sanctions. But the sentencing guidelines are not inadequate to the task of escalating sanctions as the sentencing court indicates.[4] Instead of a standard range sentence of, for example, 9 to 23 months in county jail (which is a standard range sentence in this case) the sentencing court could reasonably have entered an aggravated range sentence of 19 to 84 months in state prison.

*Id.* at 12.

Because the discretionary-aspects claim Appellant presents on appeal is not identical to one she presented in her post-sentence motion, we must determine if Appellant's claim is properly preserved for our review. In so doing, we observe that

challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek … to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

---

[4] The sentencing court also cited Appellant's lack of remorse, based on her "demeanor." Appellant argues that "to generally reference a person's 'demeanor' is little different than saying, 'I don't like your face.'" Appellant's Brief at 11.

- 5 -

*Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008) (citations omitted).

In her post-sentence motion, Appellant alleged "that her statutory maximum sentence is manifestly excessive and that it was an abuse of discretion on the part of the [s]entencing [c]ourt." Post-Sentence Motion, 3/29/2016, at 1 (unnumbered). At the hearing on Appellant's motion, her counsel requested Appellant be sentenced within the guideline range, arguing that even if Appellant's additional convictions which were not taken into account in her PSI were accounted for, the aggravated sentence would still be significantly lower than that of the statutory maximum imposed. *See* N.T., 4/14/2016, at 3-4. Appellant did not include a claim based on the sentencing court's alleged failure to provide adequate reasons for the sentence within in her motion nor did she argue such a claim at the hearing. Therefore, we find her claim waived. *Rush*, 959 A.2d at 949.

Even if we were to address the merits of the claim, Appellant would not be entitled to relief. At the outset, we recognize that "[t]his Court has found a substantial question exists where the sentencing court failed to provide sufficient reasons for imposing a sentence outside of the guidelines." *Commonwealth v. Lewis,* 911 A.2d 558, 567 (Pa. Super. 2006) quoting *Commonwealth v. Robertson,* 874 A.2d 1200, 1212 (Pa. Super. 2005).

Here, Appellant's counsel admitted "there are aggravating factors in this case" and further stated he wouldn't "pretend that there are significant

mitigating factors." N.T., 4/14/2016, at 3. Additionally, in her 2119(f) statement, Appellant sets forth all the reasons provided by the sentencing court for sentencing Appellant to the statutory maximum: (1) "[a]n extensive prior record of theft-type offenses which [were] not adequately accounted for by the sentencing guidelines'" (2) "[a] likelihood of recidivism;" (3) "[t]he impact of the offense on the victims;" (4) "Appellant's lack of remorse as evidence by her undescribed 'demeanor" and; (5) "[a] lesser sentence would depreciate the seriousness of the case." Appellant's Brief at 5.

Nevertheless, Appellant attempts to argue that such reasons may be adequate for imposing a sentence in the aggravated range, but cannot support a statutory maximum sentence. We disagree.

> The statute requires a trial judge who intends to sentence a defendant outside of the guidelines to demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, **to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as [it] also states of record the factual basis and specific reasons which compelled [it] to deviate from the guideline range.**

***Commonwealth v. Bowen***, 55 A.3d 1254, 1264 (Pa. Super. 2012) (citation removed; emphasis added; brackets in original). Furthermore, "[w]here the sentencing court had the benefit of a [PSI], we can assume the sentencing court 'was aware of relevant information regarding the defendant's character

and weighed those considerations along with mitigating statutory factors.'"

***Griffin***, 65 A.3d at 937 (quoting ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988)).

As acknowledged by Appellant, the sentencing court set forth ample reasoning for sentencing Appellant to the statutory maximum:

> The [sentencing court] is not impressed by the fact we were scheduled for sentencing and conveniently a day before sentencing [Appellant] checks herself in to self-report another issue prior to sentencing. [The sentencing court] finds she is a danger to society, a danger to society in the fact that she has a history of going and getting people and confide[s] in them then stealing from people who she befriends and taking families and putting them in financial distress. [The sentencing court] has no doubt [Appellant] will continue to do this as long as she is allowed to do this.
>
> [Appellant] has multiple current convictions. She has[,] as I said[,] a repeat criminal pattern. She is a habitual offender. I find her to be a career criminal. I don't find she show[s] any remorse whatsoever. I am completely disturbed by the fact that [] these victims had to sit there and watch her spend their hard earned money while she traipse[d] through the country on vacation.
>
> There are multiple victims involved in this case, a lesser sentence would depreciate the seriousness of the case. She has a long prior adult misdemeanor record which is not accurately reflected by the guidelines in this case. And it's interesting to the [sentencing court] that she received probation after probation and then was sent to jail.

N.T., 3/9/2016, at 20-21.[5]  Here, the sentencing court set forth the applicable guidelines and provided several reasons why the court felt a

---

[5] The sentencing court echoed its reasoning at Appellant's post-sentence motion hearing.

deviation from the guidelines was necessary. Appellant has provided no case law to support her argument that the reasons relied upon by the trial court "may justify an aggravated sentence" but cannot support "a total departure from the guidelines." Appellant's Brief at 9. In light of the foregoing, we discern no abuse of discretion in the trial court's decision to impose the statutory maximum sentence in this case.

Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.

Prothonotary

Date: 11/22/2016

---

> As I stated before, my concern here, which I believe is a legitimate concern, is that [Appellant] has perfected a craft of deceiving people, of knowing how to get into people's lives, making them trust her. She has done this as a career and her prior record does not in any way reflect the amount of damage that she is doing to people's lives. There is just no way.

N.T., 4/14/2016, at 7.

- 9 -