J-S79039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
PHILLIP WOLF, :
:
Appellant : No. 2413 EDA 2015

Appeal from the Judgment of Sentence July 8, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0008719-2013;
CP-51-CR-0008816-2013; CP-51-CR-0013764-2014

BEFORE: GANTMAN, P.J., MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JANUARY 10, 2017**

Phillip Wolf ("Wolf") appeals from the judgment of sentence imposed following his guilty pleas in three separate cases to one count each of aggravated assault by vehicle while driving under the influence, aggravated assault by vehicle, and aggravated assault, two counts of driving under the influence of a controlled substance, three counts of simple assault, and five counts of criminal mischief. *See* 75 Pa.C.S.A. §§ 3735.1(a); 3732.1(a); 18 Pa.C.S.A. § 2702(a); 75 Pa.C.S.A. § 3802(d)(1); 18 Pa.C.S.A. §§ 2701(a); 3304(a)(4). We dismiss the appeal.

The trial court set forth the relevant factual history as follows:

On March 2, 2013, [Wolf] was arrested in the 7000 Block of Torresdale Avenue in Northeast Philadelphia, following a multi-vehicle collision with resulting serious injuries caused by [Wolf's] narcotics[-]induced and impaired operation of an automobile early that morning. Subsequent to the preliminary arraignment and presentation of a *prima facie* case for the offenses charged from that event in the Municipal Court for the First Judicial

District, [Wolf] posted bail and was released from custody on August 1, 2013. After formal arraignment in the Court of Common Pleas for the First Judicial District of Pennsylvania, multiple felony and misdemeanor charges were docketed under CP-51-CR-0008816-2013 and CP-51-CR-0008719-2013 and consolidated and listed for trial after several delays.

Inexplicably[,] while awaiting trial, [Wolf] was arrested for causing another multi-vehicle crash with serious bodily injuries[,] in the area of M Street and Erie Avenue in Philadelphia[,] during the early morning hours on October 1, 2014. [Wolf] was subsequently arraigned for those offenses upon presentation of a *prima facie* case by the Commonwealth of Pennsylvania in the Municipal Court for the First Judicial District. The additional felony and misdemeanor offenses related to the October 1, 2014 collision were docketed under CP-51-CR-0013764-2014 and scheduled for trial.

On March 20, 2015, [Wolf] proffered a guilty plea before th[e trial c]ourt to limited offenses related to the first collision pursuant to negotiations with the Commonwealth for the associated cases docketed under CP-51-CR-0008719-2013 and CP-51-CR-0008816-2013. There were no negotiations as to sentencing recommendations. After written and oral colloquies were conducted, th[e trial c]ourt accepted [Wolf's] proffered guilty plea as knowing, intelligent, and voluntary under CP-51-CR-0008719-2013, [to various charges]. Under CP-51-CR-0008816-2013, th[e trial c]ourt accepted [Wolf's] proffered guilty plea to [various crimes].

All remaining charges related to the March 1, 2013 collision were subsequently [n]olle [p]rossed pursuant to negotiations. Sentencing was deferred until June 4, 2015[,] pending completion of the Presentence Investigation, Mental Health Assessments and mandatory evaluations concerning the Driving Under the Influence offense.

On June 4, 2015, pursuant to Pa.R.Crim.P. [] 701, [Wolf] tendered a guilty plea to th[e trial c]ourt for the limited offenses related to the second collision pursuant to negotiation docketed under CP-51-CR-0013764-2014. There were no negotiations concerning sentencing recommendations. After written and oral colloquies were conducted, th[e trial c]ourt accepted [Wolf's]

proffered guilty plea as knowing, intelligent and voluntary, under CP-51-CR-0013764-2014 to [various crimes].

The Commonwealth did not pursue a potential mandatory second strike sentence minimum of ten to twenty years' incarceration for CP-51-CR-0013764-2014, although [Wolf] had an enumerated qualifying prior first degree felony conviction under CP-51-CR-0503721-2005[,] due to lack of notice. Notwithstanding the second strike issue, [Wolf] faced a possible [] sentence of 12½ years to 28½ years state term of incarceration resulting from the second collision. Under CP-51-CR-0008719-2013 and CP-51-CR-0008816-2013, [Wolf] faced a possible sentence of incarceration minimum of 15¼ years to maximum 31 years. Thus, the aggregate statutory sentencing period th[e trial c]ourt could have imposed for all charges accepted under the plea [] totaled 27 years minimum to 60 years maximum terms of incarceration.

Formal Sentencing of [Wolf] as to all pending cases was again deferred until July 8, 2015, pending completion of all sentencing evaluations, including a Forensic Intensive Recovery Evaluation and calculation of the Pennsylvania Sentencing Guidelines as adopted by the Pennsylvania Commission on Sentencing. After considering all relevant data[,] including compelling victim impact testimony[,] on July 8, 2015, th[e trial court] imposed sentence for the charges docketed under … the first multi-victim collision [of] 5½ to 18 years in prison.

As to the second criminal case docketed under CP-51-CR-0013764-2014, which stemmed from the arrest of October 1, 2014, th[e trial c]ourt sentenced [Wolf] [to an aggregate prison term of 8 to 16 years.] …

The aggregate sentence related to the second collision was directed to run consecutively to the [sentences for the] crimes charged from the initial crash on March 2, 2013. Thus, the total sentence imposed for all cases was a minimum period of confinement of 13½ years to a maximum period of confinement of 34 years as designated within the Commonwealth of Pennsylvania Bureau of Prisons. Th[e trial c]ourt directed that [Wolf] be given credit for any time served for each sentence as calculated by the Philadelphia Prison System.

The conditions of each sentence included strict parole supervision under the Drug and Alcohol Unit. During the periods of parole, [Wolf] was directed to submit to random drug and alcohol testing and home checks, maintain legitimate employment, attend AA meetings, pay fines and costs; and pay victim restitution in the amount of $9,901.85. [Wolf] was specifically prohibited from driving any vehicle for the duration of th[e trial c]ourt's period of supervision. [Wolf's] Commonwealth of Pennsylvania Driver's License was suspended for twelve months. [Wolf], by and through his trial counsel Alan Sagot, Esquire[,] filed a Motion to Reconsider the Sentence on July 17, 2015[,] which was denied without further hearing on July 21, 2015.[1]

On August 6, 2015, [Wolf] filed a timely Notice of Appeal. [Wolf's] Statement of Errors[,] in accordance with Pennsylvania Rule of Appellate Procedure 1925(b)[,] challenging th[e trial c]ourt's imposition of sentence[,] was filed on November 5, 2015.

Trial Court Opinion, 3/29/16, at 1-6 (footnote added).

On appeal, Wolf raises the following question for our review: "Whether [Wolf's] sentence was unduly harsh and unreasonable, an abuse of discretion, beyond what is necessary for rehabilitation and protection of the community, and imposed without adequate consideration of mitigation information[?]" Brief for Appellant at 8.[2]

---

[1] While the docket indicates that the trial court denied a Motion to Reconsider the Sentence, the Motion itself was not entered into the docket and is not included in the certified record.

[2] In its brief, the Commonwealth notes that Wolf waived his claim for failing to include the transcript from his sentencing in the certified record. Brief for the Commonwealth at 8. However, a review of the record reveals that the sentencing transcript has been included.

Wolf challenges the discretionary aspects of his sentence.[3] "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [**see**] 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation omitted).

Here, Wolf filed a timely Notice of Appeal, and included in his appellate brief a Concise Statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). However, as noted above, our review of both the docket entries and the certified record reveals no Motion for Reconsideration of Sentence filed by Wolf. Nevertheless, the trial court, in its Opinion, refers to a purported "Motion for Reconsideration of Sentence" filed by Wolf on July 17, 2015, but does not identify the issues that were raised in the Motion. **See** Trial Court Opinion, 3/29/16, at 6. Based upon the record before us, Wolf has failed to properly preserve his discretionary

---

[3] We note that when there are no sentencing restrictions in the plea agreement, the entry of a guilty plea will not preclude a subsequent challenge to the discretionary aspects of sentencing. **See Commonwealth v. Ritchey**, 779 A.2d 1183, 1185 (Pa. Super. 2001).

aspects of sentencing claim through the filing of the Motion for Reconsideration of Sentence. ***Commonwealth v. Rush***, 959 A.2d 945, 949-50 (Pa. Super. 2008) (declining to address appellant's discretionary sentencing claim as interpreted in the trial court opinion where the post sentence motion was not included in record, nor included in the docket); ***see also id***. at 949 (stating that this Court may not rely on assertions in an appellate brief or a trial court opinion and that it is appellant's duty to ensure the certified record contains the necessary documents for our review). Moreover, Wolf did not raise a challenge to his sentence during the sentencing hearing. Accordingly, Wolf's discretionary aspects of sentencing claim cannot be reviewed. ***See Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012).[4]

Appeal dismissed.

---

[4] At sentencing, the trial court had the benefit of a pre-investigation report. ***See*** N.T., 7/8/15, at 5-6, 58; ***see also*** Trial Court Opinion, 3/29/16, at 10-11, 15, 16. Where "the sentencing court had the benefit of a pre-sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Rhoades***, 8 A.3d 912, 919 (Pa. Super. 2010) (citation and quotation marks omitted). Further, in sentencing Wolf, the trial court considered the Sentencing Guidelines, the impact on the victims, Wolf's allocution, his mental health evaluations, his prior criminal history, his education and employment history, his history of drug and alcohol abuse, his rehabilitative needs, and his acceptance of guilt by pleading guilty. ***See*** N.T., 7/8/15, at 6-9, 14-15, 21-22, 24-25, 26, 36-38, 41, 44-56, 57, 58-59; ***see also*** Trial Court Opinion, 3/29/16, at 10-11, 15-17.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2017