J-S05038-19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DELAN HANNA, | : | |
| | : | |
| Appellant | : | No. 1278 WDA 2018 |

Appeal from the Judgment of Sentence Entered June 21, 2018
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002956-2017

BEFORE:  PANELLA, P.J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:               FILED APRIL 11, 2019

Delan Hanna (Appellant) appeals from the June 21, 2018 judgment of sentence of 9 to 60 months of incarceration entered after he pleaded guilty to conspiracy – possession with intent to deliver (PWID) marijuana.  We affirm.

We provide the following background.  Following an investigation of a report of found marijuana at a hotel room in the Clarion Hotel, Appellant was charged with conspiracy – PWID, PWID, possession, and possession of drug paraphernalia.  On April 11, 2018, Appellant pleaded guilty to conspiracy – PWID in exchange for the Commonwealth nolle prossing the remaining charges.  On June 21, 2018, the trial court sentenced Appellant to a term of incarceration as set forth supra.  Appellant was given 48 days of credit time

_____
* Retired Senior Judge assigned to the Superior Court.

and deemed eligible for the Recidivism Risk Reduction Incentive program at 6¾ months.

Appellant timely filed a post-sentence motion requesting a split sentence of county-level incarceration followed by probation to be transferred to California, Appellant's home state. Motion to Reconsider Sentence, 6/29/2018. The trial court denied Appellant's motion the same day. No direct appeal was filed. On August 2, 2018, Appellant filed a motion for reinstatement of appellate rights, which the trial court granted. This timely filed appeal followed.[1]

On appeal,[2] Appellant argues that the trial court imposed a manifestly unjust sentence based upon "unsubstantiated allegations of ties to organized

---

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

[2] We note with displeasure that Appellant's brief is wholly deficient and fails to comply with the Rules of Appellate Procedure. Compare Pa.R.A.P. 2111 (requiring a statement of jurisdiction, order in question, statement of scope and standard of review, statement of questions involved, statement of the case, summary of argument, statement of reasons to allow an appeal, argument, conclusion, trial court opinion, Pa.R.A.P. 1925(b) statement, and certificates of compliance to be separately and distinctly titled within an appellant's brief) with Appellant's Brief (lacking statement of jurisdiction, order in question, statement of scope and standard of review, statement of questions involved, statement of the case, statement of reasons to allow appeal, Pa.R.A.P. 1925(b) statement, and certificates of compliance). See also Pa.R.A.P. 2114 (detailing requirements of statement of jurisdiction); Pa.R.A.P. 2115 (detailing requirements of order in question); Pa.R.A.P. 2116 (detailing requirements of statement of questions and stating that no question will be considered unless included therein); Pa.R.A.P. 2117 (detailing requirements of statement of the case). Although we could dismiss on this basis, we decline to do so given our disposition. See Pa.R.A.P. 2101.

crime and the fact that [Appellant] is from California, as opposed to the actual facts of the criminal case[.]" Appellant's Brief at 1.

Appellant challenges the discretionary aspects of his sentence. Thus, we consider his issue mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

Commonwealth v. Antidormi, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
>> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

- 3 -

Commonwealth v. Samuel, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Appellant timely filed a notice of appeal after reinstatement of his appellate rights. However, to satisfy the second requirement to invoke our jurisdiction, we point out that "[o]bjections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013). "[F]or any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court." Commonwealth v. Rush, 959 A.2d 945, 949 (Pa. Super. 2008).

Appellant failed to raise his specific appellate claim in his post-sentence motion: that the trial court abused its discretion in imposing an unjust sentence based on impermissible factors. Rather, in his motion to reconsider, Appellant sought only a modified sentence to expedite his return to California. Motion to Reconsider Sentence, 6/29/2018. See also N.T., 6/21/2018, at 22. Accordingly, Appellant has failed to preserve his discretionary sentencing claim. See Commonwealth v. Lamonda, 52 A.3d 365, 371 (Pa. Super. 2012) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.")

(citations and quotation marks omitted). Accordingly, Appellant is not entitled to relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2019