J-S29032-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN W. SIBLEY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MATTHEW B. WEISBERG, ESQ., | : | |
| GRAHAM F. BAIRD, ESQ., AND | : | |
| WEISBERG LAW P.C. | : | |
| | : | |
| Appellees | : | No. 2131 EDA 2020 |

Appeal from the Order Entered October 5, 2020
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): No. 2014-25063

BEFORE:    PANELLA, P.J., KUNSELMAN, J. and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:        **FILED OCTOBER 25, 2021**

Appellant, John W. Sibley, appeals *pro se* from the trial court's order entered on October 5, 2020, which granted summary judgment in favor of Weisberg Law, P.C. ("the Firm"), Matthew B. Weisberg, Esquire, and Graham Falville Baird, Esquire (collectively, "the Attorneys").  We dismiss this appeal based upon Sibley's failure to comply with the Rules of Appellate Procedure.

This appeal stems from Sibley's legal malpractice lawsuit against the Firm, Weisberg, who is a named partner at the Firm, and Baird, who was employed by the Firm at one point as an associate attorney. The Firm represented Sibley in connection with two lawsuits he instituted in Lehigh County and Bucks County.  Both suits involved legal malpractice claims against Glenn McGogney, legal counsel who represented Sibley in various

_____
* Former Justice specially assigned to the Superior Court.

matters in the early 2000s, and various claims against former business partners.

Sibley commenced the instant legal malpractice lawsuit against the Firm and the Attorneys in Montgomery County by writ of summons filed September 4, 2014. Sibley filed a complaint two months later, and after a series of pleadings by both parties and a period of inactivity, Sibley filed an amended complaint on May 21, 2018, which the Firm and the Attorneys answered. On May 17, 2019, Sibley filed a motion for summary judgment. The Firm and the Attorneys filed their own motion for summary judgment on April 11, 2020. Baird also filed a separate motion for summary judgment on April 22, 2020.

In an order entered July 20, 2020, the trial court granted the defense motions for summary judgment. It also entered a second order on the same date, which denied Sibley's motion for summary judgment. Sibley moved for reconsideration of all of the rulings, but pursuant to a September 23, 2020, order, the trial court agreed to reconsider only its rulings as to the defense motions. On October 5, 2020, the trial court entered an order that once again granted the motion for summary judgment filed by Baird and the motion for summary judgment filed by the Firm and the Attorneys.

Sibley timely filed a notice of appeal *pro se* from the October 5, 2020, order, and the trial court ordered him to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Sibley filed a Rule

- 2 -

1925(b) statement with twenty-one issues for review spanning twenty-two pages. The trial court filed a trial court opinion pursuant to Pa.R.A.P. 1925(a). It noted the length of Sibley's Rule 1925(b) statement and responded with a Rule 1925(a) opinion summarizing the bases for its rulings.

On appeal, Sibley's brief confusingly contains two statements of questions presented. The first set is as follows.

1. Did the Trial Court Err and Abuse its Discretion and commit reversible error by erroneously stating incorrectly the facts established on the record in determining whether this instant Malpractice and Breach of Contract Complaint is founded in Tort due to Negligence which is two (2) years or Contract due to breach of the terms of the Contract (Retainer Agreement) which is four (4) years and the method used occurrence rule or the equitable discovery rule or "to avoid waiver of either claim, a plaintiff must assert them together in one action, as the claims arose from the same transaction or occurrence against the same person" for calculating the Statute of Limitations?

2. Did the Trial Court Err and Abuse its Discretion and commit reversible error by Denying Plaintiff Sibley's Motion for Summary Judgment and specifically the claim for Breach of Contract (Retainer Agreement) based on the facts and Court Record?

3. Did the Trial Court Err and Abuse its Discretion and commit reversible error by denying Plaintiff Sibley's claims against the Defendant Weisberg for the following Breaches of Duty of Care?

   a. Failure to show Philadelphia Legal Malpractice and Breach of Contract complaint filed in Philadelphia Court to Plaintiff Sibley prior to filing?

b. Failure to verify Philadelphia Legal Malpractice and Breach of Contract complaint filed in Philadelphia Court with Plaintiff Sibley prior to filing?

c. Failure to attach the underlying contract to the Philadelphia Legal Malpractice and Breach of Contract complaint filed in Philadelphia Court for Plaintiff Sibley and incorrectly referring to contract as retainer agreement prior to filing?

d. Failure to Amend Philadelphia Legal Malpractice and Breach of Contract complaint filed in Philadelphia Court to Plaintiff Sibley prior to filing?

e. Failure to name the correct parties as defendants in the Philadelphia Legal Malpractice and Breach of Contract complaint, specifically BARR & MCGOGNEY LAW FIRM and Barrnett Food Group, LLC?

f. Failure to Amend Philadelphia Legal Malpractice and Breach of Contract complaint to include the financial damages suffered by the loss of Plaintiff's home to foreclosure after filing in Philadelphia Court after Plaintiff Sibley discovered the missing claim by Defendants after filing on 7/26/2010?

4. Did the Trial Court Err and Abuse its Discretion by ignoring admitted facts that Appellees' Weisberg and Baird Failed to Plead Accord and Satisfaction as an affirmative defense to Defendants' McGogney's and Dippolito's New Matter and Counter Claims, filed on April 27, 2012, in which Defendants claimed unpaid balances on Sibley's two Promissory Mortgage Notes by presenting the Mortgage Satisfaction Pieces signed, executed and recorded in the Bucks County Recorder of Deeds on March 9, 2009, in connection with the Joint Venture investment financing of Barnett Food Group LLC? Did the Trial Court Err and Abuse its Discretion by ignoring admitted facts that Appellees' Weisberg and Baird Failed to include Plaintiff's home was not in the original complaint, upon being notified by Plaintiff, Defendants Failed to Amend the Philadelphia Complaint once Plaintiff Sibley was provided with a copy of the filed complaint on July 26, 2010, to include the damages for the loss of Appellant Sibley's $545,000 home to foreclosure, on January 8, 2009, Plaintiff Sibley's largest and

most valuable asset, due to the negligent representation and abandonment of Appellant by Defendant Glenn McGogney, Esquire, in the Bucks County foreclosure Action?

Sibley's Brief at 39-40 (verbatim except suggested answers omitted).

Sibley's second set of issues is as follows.

5. Did the Trial Court err or abuse of discretion when the Trial Judge failed to require Defendant Barr, to plead with specificity and otherwise prove that Plaintiff's complaint failed to assert a breach of contract claim and failing to find that Defendant's New Matter and Affirmative Defenses did not contain material facts to support that finding?

6. Did the Trial Court err or abuse its discretion when the Trial Court failed to find that a contract existed between the Plaintiff and the Defendants?

7. Did the Trial Court err or abuse of its discretion by a ruling that Barr & McGogney were not a Partnership and ruling that the Partnership issue was "MOOT" as set forth on pages 8 and 9 of Trial Court Order?

8. Did the Trial Court err or abuse of its discretion and commit a reversible err by holding the Pro Se Plaintiff Sibley, to the same standard as a licensed attorney with respect to the pleadings set forth in Plaintiff's complaint?

*Id.* at 41-47 (verbatim except issues have been renumbered and subheadings, proposed answers, comments, and duplicative issues have been omitted).

Upon review of Sibley's brief, we note with displeasure Sibley's repeated failure to comply with our Rules of Appellate Procedure. First, as stated, Sibley impermissibly sets forth two statements of questions involved, which makes it unclear whether he intends for this Court to review one or both sets of questions. *See* Sibley's Brief at 39-47.

Together, the two sets of questions span nine pages of his brief and are far from concise. Many of the questions inappropriately include Sibley's own argumentative commentary instead of succinctly outlining the issues at hand. *See id*. Sibley's chosen approach violates Pennsylvania Rule of Appellate Procedure 2116(a). *See* Pa.R.A.P. 2116(a) ("The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail."). Further, despite presenting eight questions with subparts in his statements of questions presented, Sibley's argument section is divided into only two sections. *See* Pa.R.A.P. 2119(a) (requiring the argument to be "divided into as many parts as there are questions to be argued").

The more significant issue in this particular case is that Sibley fails to include any citations to the record, in violation of Rules 2117 and 2119. *See* Pa.R.A.P. 2117(a)(4) (requiring a narrative statement of "all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found"); Pa.R.A.P. 2119(c) (requiring the argument in a brief to be accompanied by a reference to the place in the record where the matter referred appears).

Sibley sets forth a multitude of factual assertions throughout his statement of the case and argument, including cutting and pasting images or texts of emails and other documents, leaving this Court mystified whether

the referenced material appears in the certified record or are matters *dehors* the record that we may not consider. **See Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa.Super. 2008) ("This Court does not rely on items *dehors* the record, such as assertions in an appellate brief or a trial court opinion reviewing a case on appeal."). It is simply not the job of this Court to "scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived." **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa.Super. 2018).

Lastly, Sibley's argument section largely consists of block quotations from the trial court opinion in the instant case and three cases from this Court. **See** Sibley's Brief at 93-101. He makes no attempt to connect the law he cites from these three Superior Court decisions to the facts of his own case, and he merely restates in a conclusory fashion that he is entitled to relief, rendering his argument underdeveloped. **See** Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent"); **see also Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa.Super. 2007) (stating that "it is appellant's duty to present arguments that are developed for our review" and "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Although this Court construes materials filed by a *pro se* litigant liberally, we cannot act as Sibley's counsel. **Branch Banking and Trust v.**

***Gesiorski***, 904 A.2d 939, 942-43 (Pa.Super. 2006). Any layperson who chooses to represent himself assumes the risk that his lack of legal training will be his undoing. ***Id.*** As a whole, Sibley's disregard for the Rules of Appellate Procedure has left this Court without the ability to conduct effective review. ***See id.*** (declining to consider merits due to brief that was "wholly inadequate to present specific issues for review"). Accordingly, we dismiss this appeal without consideration of the merits of Sibley's issues. ***See*** Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be … dismissed.").

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2021