J-A29029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| KATHLEEN HENDRICKSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PERRY SEMELSBERGER | : | |
| | : | |
| Appellant | : | No. 488 WDA 2021 |

Appeal from the Order Entered February 4, 2021
In the Court of Common Pleas of Cambria County Civil Division at No(s):
2697-2020

BEFORE:  BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: DECEMBER 23, 2021**

Perry Semelsberger ("Semelsberger") appeals the judgment of sentence of six months of incarceration imposed after the trial court found him guilty of indirect criminal contempt of an existing protection from abuse ("PFA") order. We affirm.

In 2020, Kathleen Hendrickson ("Hendrickson") filed a petition pursuant to the PFA Act against Semelsberger. The parties ultimately agreed to a final protection order, which would be in effect for one year and prohibited Semelsberger from communicating with Hendrickson. Approximately six months after the entry of the final PFA order, Semelsberger mailed three letters to Hendrickson. In the letters, Semelsberger expressed his love for Hendrickson, stated he would not leave her alone, and threatened to harm

---

[*] Retired Senior Judge assigned to the Superior Court.

himself and others if she did not return his love. Following a hearing, the trial court found Semelsberger guilty of indirect criminal contempt and sentenced him to six months of incarceration, to be served consecutive to any other sentences he was serving. Semelsberger filed a post-sentence motion to modify sentence, which the trial court denied.

This timely filed appeal followed. Both Semelsberger and the trial court have complied with the mandates of Pa.R.A.P. 1925. Semelsberger presents a single issue for our review: "The trial court erred/abused its discretion in sentencing the Defendant without considering his rehabilitative needs as set forth in 42 Pa.C.S.A. 9721(b), resulting in an excessive sentence." Semelsberger's brief at 5.

Semelsberger's sole issue implicates the discretionary aspects of his sentence. Such a challenge does not entitle an appellant to review as of right. Rather, an appellant challenging the discretionary aspects of his sentence must first invoke this Court's jurisdiction via a four-part test, which we have detailed as follows:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Taylor*, 137 A.3d 611, 618 (Pa.Super. 2016) (*en banc*) (cleaned up). If an appellant invokes our jurisdiction, we then review the

- 2 -

merits of the claim and "may reverse only if the sentencing court abused its discretion or committed an error of law." ***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa.Super. 2007) (cleaned up).

Semelsberger filed a timely notice of appeal and post-sentence motion, included a Rule 2119(f) statement in his brief, and raised a substantial question. ***See Commonwealth v. Caldwell***, 117 A.3d 763, 769-70 (Pa.Super. 2015) (*en banc*) (finding substantial question where appellant raised excessive sentencing claim with an assertion that the sentencing court failed to consider mitigating factors). Although Semelsberger seemingly complied with this four-part test, in order to satisfy the second requirement, the "challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal." ***Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa.Super. 2008). Indeed, "[a]bsent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). "[F]or any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court." ***Rush***, ***supra*** at 949; ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Therefore, even if an appellant sought to attack the discretionary aspects of his sentence in the trial court, he cannot support a discretionary

sentencing claim on appeal "by advancing legal arguments different than the ones that were made when the claims were preserved." *Id*.

On appeal, Semelsberger argues that the trial court failed to consider his individualized circumstances, imposed an aggravated range sentence without considering mitigating factors, and imposed a consecutive sentence that resulted in a manifestly excessive sentence. Semelsberger's brief at 10-11. However, he did not raise those legal arguments at sentencing or in the post-sentence motion. Although the transcript of Semelsberger's PFA contempt hearing does not include the portion of the hearing when Semelsberger was sentenced, the trial court, at that point during the hearing, dictated Semelsberger's sentencing order. *See* N.T., 1/29/21, at 24 (noting "Order of Court filed under separate cover" following the trial court's finding of guilt). The order directed Semelsberger to undergo a mental health evaluation, and the trial court has noted that Semelsberger's "counsel had nothing further to add regarding [his] mental health at that time." Trial Court Opinion, 6/8/21, at 3.[1] Moreover, while Semelsberger filed a post-sentence motion, he merely sought a lesser sentence based upon the letters being non-

---

[1] We observe that if Semelsberger raised these claims at sentencing, it was his responsibility to ensure a certified record that included preservation of those issues. It "is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *Commonwealth v. Bongiorno*, 905 A.2d 998, 1000 (Pa.Super. 2006) (*en banc*).

violent and his need to provide care for his parents. *See* Post-Sentence Motion, 2/8/21. Since he did not raise his appellate legal arguments before the trial court, he has failed to preserve his discretionary aspects of sentencing claim. Accordingly, Semelsberger is not entitled to relief.

Even if we concluded that Semelsberger preserved his arguments, he would not be entitled to relief. It is evident that the trial court considered all relevant factors and did not impose an excessive sentence. The trial court observed that only a few months before Semelsberger sent the letters, he was found guilty of three violations of a different protective order and sentenced to four months of incarceration. N.T., 1/29/21, at 22. In light of the evidence that such a sentence "wasn't enough to help him understand the severity of his actions or the fact it's a protective order. . . [that] had to be followed[,]" the trial court queried why a maximum jail sentence would not be appropriate. *Id*. It considered counsel's arguments that Semelsberger "simply sent letters" that did not threaten Hendrickson, and that he "be afforded some treatment in dealing with . . . the end of this relationship." *Id*. at 21-22. As noted, the trial court sentenced Semelsberger to undergo a mental health evaluation and follow all recommendations. The record reveals that the trial court properly and adequately considered the factors included in 42 Pa.C.S. § 9721(b). Accordingly, even if Semelsberger had preserved his discretionary aspects of

sentencing claim, we would conclude that the trial court did not abuse its discretion.[2]

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/23/2021

---

[2] We also observe that a flat sentence of incarceration is permissible for indirect criminal contempt sanctions under the PFA, and therefore Semelsberger's sentence is legal. **_See Commonwealth v. Marks_**, ___ A.3d ___, 2021 Pa.Super. 237 (filed December 7, 2021).

- 6 -