J-S09035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN JEFFREY ROBINSON | : | |
| | : | |
| Appellant | : | No. 872 EDA 2021 |

Appeal from the Judgment of Sentence Entered April 20, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006495-2016

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 28, 2022**

Appellant Ryan Jeffrey Robinson appeals from the judgment of sentence entered by the Court of Common Pleas of Delaware County following the revocation of his probation.  Appellant challenges the discretionary aspects of his sentence.  After careful review, we affirm.

On January 19, 2017, Appellant entered a negotiated guilty plea to burglary, conspiracy to commit burglary, and resisting arrest in exchange for the Commonwealth's agreement to withdraw a charge of aggravated assault.[1] The trial court sentenced Appellant two concurrent terms of 12-36 months' imprisonment followed by 24 months' probation on the burglary and conspiracy charges.  In addition, the trial court imposed a term of 24 months' probation for the resisting arrest charge to run concurrently with the probation

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. §§ 3502, 903, and 5104, respectively.

sentences for the burglary and conspiracy charges. Appellant was required to pay restitution to the victim and complete treatment for his opiate addiction.

On May 17, 2017, the trial court submitted a request for Appellant's probationary term to be supervised by the Pennsylvania Board of Probation and Parole (PBPP). On June 28, 2017, Appellant was accepted for state supervision by the PBPP as a "special probation" case. **See** Pa.Code § 65.1. Appellant served his maximum state prison sentence on September 9, 2019 and began serving his special probationary tail portion of his sentence.

Thereafter, on January 28, 2020, Appellant was arrested for receiving stolen property and resisting arrest in Wilmington, Delaware. During this same month, on January 15, 2020 and January 31, 2020, Appellant failed two drug tests, which showed positive results for amphetamines, methamphetamines, and marijuana.

PBPP detained Appellant on these charges and recommended that a probation violation hearing be scheduled with regard to the new charges as well as technical violations.[2] On February 20, 2020, after a **Gagnon I** hearing,

_____

[2] With respect to cases involving special probation or parole, the PBPP

> may, during the probation or parole period, in case of violation of the conditions of probation or parole, detain the special probationer or parolee in a county prison and make a recommendation to the court, which may result in the revocation of probation or parole and commitment to a penal or correctional institution to serve a sentence in the case of probation or the remainder of the sentence in the case of parole.

37 Pa.Code § 65.3.

the lower court ordered that Appellant submit to a drug and alcohol evaluation.[3] On March 3, 2020, Appellant was placed in Intensive Outpatient Drug and Alcohol Treatment.

On June 22, 2020, Appellant was arrested in Erie County and charged with possession of marijuana, driving an unregistered vehicle, and other charges. On July 17, 2020, the lower court ordered another drug and alcohol evaluation. At the July 28, 2020 **Gagnon I** hearing, Appellant was placed on house arrest at his father's home.

On August 9, 2020, Appellant was arrested in Erie County and charged with Driving Under the Influence (DUI). Appellant subsequently fled to Nebraska, where he was eventually arrested on an outstanding warrant and extradited back to Pennsylvania.

On April 20, 2021, the lower court held a **Gagnon II** hearing in which it revoked Appellant's probation and resentenced Appellant on the 2017 convictions as follows: 15-30 months' imprisonment for the burglary charge

---

[3] Probation revocation hearings are conducted in the following manner:

> When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a **Gagnon I** hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a **Gagnon II** hearing, is required before a final revocation decision can be made.

**Commonwealth v. Sims**, 770 A.2d 346, 349 (Pa.Super. 2001) (citations omitted). **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

to be followed by two years' probation for the conspiracy charge as well as a concurrent term of two years' probation for the resisting arrest charge. The trial court also ordered Appellant to complete treatment for his drug addiction and mental health issues during his term of incarceration.

On April 23, 2021, Appellant filed a timely post-sentence motion seeking to modify his sentence. Before the lower court could rule on the motion, Appellant filed a notice of appeal on April 26, 2021.[4] Appellant complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant lists the following issues for our review on appeal:

Whether the trial court erred as a matter of law and violated the discretionary aspects of sentencing when it imposed a manifestly excessive and reasonable sentence, inasmuch as the trial court did not state adequate grounds for imposing such a sentence, such a sentence lacked sufficient support in the record and such sentence failed to give individualized consideration to Appellant's personal history and background, and was in excess of what was necessary to address the gravity of the offense, the protection of the community, and Appellant's rehabilitative needs?

Appellant's Brief, at 2.

Appellant's arguments challenge the discretionary aspects of his sentence. In an appeal from a revocation sentencing, "we may review the validity of the revocation proceedings, as well as the legality and discretionary

---

[4] When a defendant is resentenced after probation revocation, the defendant has thirty days from the date of sentencing to file a notice of appeal, regardless of whether he files post-sentence motions. Pa.R.Crim.P. 708(E); *Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa.Super. 2014).

aspects of any new sentence imposed. ***Commonwealth v. Banks***, 198 A.3d 391, 398 (Pa.Super. 2018) (citing ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1033-34 (Pa.Super. 2013) (*en banc*)).

The following principles apply to our consideration of Appellant's challenges to the discretionary aspects of his sentence:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> ***
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Manivannan***, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks, some citations, and emphasis omitted).

In this case, Appellant timely filed a notice of appeal, but failed to preserve two of his issues by raising them before the trial court. Our rules of appellate procedure provide that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Specifically, "[o]bjections to the discretionary aspects of a sentence are

generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Bradley**, 237 A.3d 1131, 1138 (Pa.Super. 2020) (citing **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003)). Moreover, "for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court." **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa.Super. 2008).

Appellant did not assert at sentencing or in his post-sentence motion that the trial court failed to specify its reasons for imposing its sentence or that his sentence was in excess of what was necessary to address the gravity of the offense, the protection of the community, and Appellant's rehabilitative needs. As such, we find these claims have been waived.

Appellant did assert in his post-sentence motion that his sentence "was unreasonable and excessive" as the lower court failed to "adequately consider [Appellant's] age, family history, education, employment history, and addiction issues when fashioning the sentence." Post-sentence motion, 4/23/21, at 2.

This Court has held that:

> a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review. However, prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court "failed to consider" or "failed to adequately consider" sentencing factors has been less than a model of clarity and consistency....

This Court has ... held that an excessive sentence claim — in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.

*Commonwealth v. Caldwell*, 17 A.3d 763, 769–70 (Pa.Super. 2015) (*en banc*) (internal quotation marks and citations omitted). **But see Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013) ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review" (citation omitted)); **Commonwealth v. Zirkle**, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question").

In this case, Appellant claims the sentencing court did not adequately consider certain mitigating factors. Appellant is challenging the weight the lower court gave the factors, not its failure to consider the factors. Thus, we find Appellant has not raised as substantial question for review.

Even if we were to consider the merits of Appellant's argument, we would conclude that the lower court did not abuse its discretion in imposing Appellant's sentence upon the revocation of his probation.[5] If anything,

_____

[5] Pursuant to Section 9771(b) of the Judicial Code, upon revocation of probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." 42 Pa.C.S.A. § 9771(b), Upon a violation of probation, a court may impose a sentence of total confinement if it finds that "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c).

Appellant received remarkable leniency from the lower court throughout his criminal odyssey.

At the **Gagnon II** hearing on April 20, 2022 at which Appellant stipulated to the violation of his probation, the lower court concurred with the recommendation of the Pennsylvania Board of Probation and Parole (PBPP) agent that Appellant should receive drug and alcohol treatment while serving a term of incarceration. The lower court judge acknowledged that he found it "troubling" that he had made the same recommendation of treatment for opioid addiction upon sentencing Appellant in 2017 and recognized that Appellant had not sought to address his long-term substance abuse issues and still struggled with drug addiction. Notes of Testimony (N.T.), 4/20/21, at 4. The court was familiar with Appellant's personal history and background since it had presided over his case since the original 2017 sentencing.

When the court inquired further as to why Appellant had not completed court-ordered treatment, the court recognized that Appellant had been given multiple chances to complete inpatient drug treatment and failed to do so. In addition, the court considered that while on probation, Appellant had multiple arrests for drug-related offenses including DUI and drug possession charges and also had various technical probation violations. Further, the court noted that Appellant had absconded to Nebraska where he was again arrested, taken into custody, and extradited back to Pennsylvania.

The revocation court judge spoke directly to Appellant about his concern in light of Appellant's failure to complete treatment, his repeated violations,

and his decision to abscond to Nebraska. The court recognized Appellant had a "serious problem" with drugs which he had not addressed. In finding Appellant in violation of his probation and sentencing him to a term of imprisonment, the court indicated that it would recommend Appellant receive treatment for his substance abuse issues and his mental health in prison to increase his likelihood of success in completing these programs in a controlled environment. *Id*. at 6-7.

When Appellant claimed he had no assistance in seeking help in rehabilitation, the court told Appellant that he "need[ed] to start asking for the help" and advised Appellant that he would not be able to "do it alone." *Id*. The lower court judge indicated that his "door is always open. You could have come back in here to court, and I could have directed you to the right people, or made the phone calls necessary for you." *Id*. at 7-8.

We agree with the revocation court's conclusion that its sentence of incarceration with treatment for Appellant's substance abuse issues and mental health concerns was necessary to hold him "accountable for his multiple violations of probation while also providing treatment help, which he will not seek if left to his own accord." Lower Court Opinion, 7/20/22, at 5. As such, we find that the lower court properly exercised its discretion in imposing its sentence upon the revocation of Appellant's probation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2022