J-S46036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN KEITH STEMMLER | : | |
| | : | |
| Appellant | : | No. 358 WDA 2023 |

Appeal from the Judgment of Sentence Entered March 3, 2023
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0000730-2022

BEFORE:  DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: MAY 8, 2024**

Steven Keith Stemmler ("Stemmler") appeals from the judgment of sentence imposed after a jury found him guilty of involuntary deviate sexual intercourse and related offenses.[1]  We conclude that Stemmler has failed to preserve any issues for review and affirm.

Given our disposition, we need not summarize the full factual history of this appeal.  Briefly, the Commonwealth charged Stemmler with committing sexual offenses against then-fifteen-year-old C.G. and then-twenty-two-year-old A.R.[2]  Assistant District Attorney Adam Barr ("ADA Barr") was the lead prosecutor.  In January 2022, before the filing of charges, and in July 2022, before a scheduled trial date, ADA Barr and Pennsylvania State Trooper Daniel

---

[1] **See** 18 Pa.C.S.A. §§ 3123(a)(7), 3122.1 (b), 3125(a)(8), 3126(a)(8), 6301(a)(1)(ii).

[2] The court formally dismissed the charges involving A.R. before trial.  A.R., however, testified at the trial on the charges involving C.G.

Poponick ("Trooper Poponick") met with C.G. and A.R. ADA Barr took notes at both meetings (the "January 2022 notes" and "July 2022 notes," respectively).

As the scheduled trial date approached, ADA Barr gave the defense a copy of his July 2022 notes, but not his January 2022 notes. Stemmler, who was aware that ADA Barr had met with C.G. and A.R. in January 2022, then filed a motion to compel discovery of ADA Barr's January 2022 notes. Stemmler separately requested the disqualification of ADA Barr because the defense could call him as an impeachment witness if C.G. or A.R. testified inconsistently with statements in his notes.[3]

At a hearing on Stemmler's motion to compel discovery, ADA Barr provided the court with the original copy of his January 2022 notes for an *in camera* review. **See** N.T., 7/18/22, at 21-22. Following its review of the notes, the court asserted that ADA Barr's January 2022 notes "appear[ed] to be to be a verbatim reporting of what [C.G.] told [ADA Barr] during the interview" and ordered the Commonwealth to provide the defense with a copy of the January 2022 notes. **See id**. at 24-26; **see also** Order, 7/18/22, at 1.[4]

---

[3] Specifically, Stemmler issued subpoenas to members of the district attorney's office, including ADA Barr. In response to the Commonwealth's motion to quash the subpoenas, Stemmler asked to the trial court to disqualify ADA Barr.

[4] At the time of this hearing, the Commonwealth represented that it would not pursue the charges concerning A.R. **See** N.T., 7/18/22, at 22. Although the January 2022 notes involved interviews with C.G. and A.R., the trial court
*(Footnote Continued Next Page)*

When the Commonwealth stated it would appeal the decision, the court effectively stayed its order and sealed ADA Barr's original January 2022 notes, without disclosing them to the defense. **See** N.T., 7/18/22, at 34-38. Defense counsel did not object.

The trial court thereafter granted the Commonwealth's motion for an evidentiary hearing, at which Trooper Poponick and ADA Barr testified about the circumstances of the January 2022 interview. Defense counsel did not request an opportunity to review the January 2022 notes to prepare for the hearing. **See** N.T., 8/12/22, at 8-9.[5] At the conclusion of the hearing, the trial court reconsidered its prior decision, determined the January 2022 notes did **not** contain verbatim or substantially verbatim statements, and denied Stemmler's motion to compel discovery. **See id**. at 38, 46. The court handed ADA Barr's original January 2022 notes back to him and stated it did not make copies of the notes. **See id**. at 38, 46. Defense counsel did not ask the court to retain a sealed copy of ADA Barr's January 2022 notes for the record. **See id**. at 38-46.[6] Moreover, although the court did not expressly decide

---

referred to a single victim, C.G.. **See id**. at 24; **see also** Trial Court Opinion, 4/20/23, at 6 n.1.

[5] At the hearing, defense counsel stated that **if** the court determined the notes contained verbatim or substantially verbatim statements from the interview, it would be in defense counsel's discretion to determine if the notes were helpful. **See** N.T., 8/12/22, at 9.

[6] Defense counsel, however, apparently requested that the Commonwealth not destroy the notes pending an appeal. **See** Order, 8/17/22, at 1 (directing, upon Stemmler's motion, the Commonwealth to preserve the January 2022 notes pending appeal).

Stemmler's request to disqualify ADA Barr, defense counsel did not pursue or amend the request for disqualification.

The matter proceeded to trial on the charges against C.G. only, with ADA Barr and another assistant district attorney prosecuting the case. Defense counsel did not renew the request to disqualify ADA Barr. *See* N.T., 8/15-8/16/22, at 3-48. A jury found Stemmler guilty of involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, indecent assault, and corruption of minors. The trial court sentenced Stemmler to an aggregate term of ten to twenty years of imprisonment. Stemmler timely appealed, and both he and the trial court complied with Pa.R.A.P. 1925.

Stemmler raises the following issues on appeal:

I. Did the trial court err in reversing its order to compel discovery?

II. Did the trial court err in denying the defense an opportunity to view evidence regarding [the] witness interviews, so that [Stemmler] could argue for their admission?

III. Did the trial court err in denying [the] motion to recuse [ADA Barr] after his testimony?

Stemmler's Brief at 2 (some capitalization omitted).

We initially consider whether Stemmler preserved his issues for appeal.

Stemmler's first issue concerns the trial court's reconsideration of its order to compel discovery, namely ADA Barr's January 2022 notes from his meetings with A.R. and C.G. He asserts that the court abused its discretion

when reconsidering its findings that ADA Barr's January 2022 notes contained verbatim or substantially verbatim statement from C.G.

"It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case.  For purposes of appellate review, what is not of record does not exist." **Commonwealth v. Rosario**, 248 A.3d 599, 622 (Pa. Super. 2021) (internal citations and quotations omitted).  "[T]he duty to ensure the certified record contains all the facts and documents necessary for our review lies with the appellant." **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008).

Here, the certified record does not contain a copy of ADA Barr's January 2022 notes.  The record indicates that defense counsel was present when the trial court reconsidered its prior order, denied the motion to compel discovery, and the court handed ADA Barr's original January 2022 notes back to ADA Barr.  The court expressly stated that it had not made a copy of the notes, and defense counsel did not ask the court to preserve the record by maintaining a sealed copy of the notes.  **See** N.T., 8/12/22, at 38-46.  Moreover, there is no indication that, when taking this appeal, Stemmler requested the Commonwealth and the trial court to complete or correct the record by sealing, certifying, and including a copy of the notes.  Even after the Commonwealth argued in its brief that Stemmler waived this issue by failing to complete the record, **see** Commonwealth's Brief at 16-24, it appears Stemmler took no reasonable steps to correct or complete the record, or seek

relief from this Court.[7]  **See** Pa.R.A.P. 1926.  Therefore, this is not a case where a document was inadvertently or erroneously omitted from the record. **Cf**. Pa.R.A.P. 1926(b)(1) (permitting a court on its own initiative to direct the certification and transmittal of a supplemental record where the omission results from a "error, breakdown in processes of the court, or accident").

It is apparent that this Court cannot meaningfully consider Stemmler's claim without reviewing the actual notes at issue.  **Cf**. **Commonwealth v. Alston**, 864 A.2d 539, 546 (Pa. Super. 2004) (*en banc*) ("Appellate courts generally review the grant or denial of discovery requests for an abuse of discretion") (internal citation omitted).  Stemmler has not satisfied his duty to ensure this Court has a complete record necessary for review, and we decline to do so on our own accord.  **See Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*).  Thus, Stemmler has waived this issue, and we will not address it.  **See Commonwealth v. Holston**, 211 A.3d 1264, 1277 (Pa. Super. 2019) (*en banc*).

In his next two issues, Stemmler asserts that the trial court erred by denying him an opportunity to inspect the January 2022 notes and by failing to disqualify ADA Barr.

Pennsylvania Rule of Appellate Procedure 302 states, in relevant part, "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).  "It is well established that trial judges

---

[7] Indeed, Stemmler elected not to file a reply brief to respond to the Commonwealth's assertion of waiver.

must be given an opportunity to correct errors at the time they are made. [A] party may not remain silent and afterwards complain of matters which, if erroneous, the court would have corrected." **Commonwealth v. Spone**, 305 A.3d 602, 608 (Pa. Super. 2023).

Our review of the record establishes that Stemmler did not request an opportunity to inspect the January 2022 notes when litigating his motion to compel to discovery, nor did he not ask for a preliminary review of the notes to argue for their admission. **See** N.T., 8/12/22, at 8-9 (indicating defense counsel only argued that if the court determined the January 2022 notes "were verbatim or substantially verbatim," they should be turned over to the defense to determine whether the notes were helpful). **See id**. at 9. Additionally, although Stemmler had requested ADA Barr's disqualification, that claim was largely contingent on Stemmler's belief that ADA Barr's notes contained verbatim or substantially verbatim statements from C.G. and A.R. When the trial court found the January 2022 notes did not contain C.G.'s verbatim or substantially verbatim statement, Stemmler did not ask the court to rule on his request for disqualification of ADA Barr, renew his request for disqualification, or assert a basis for disqualification independent of his claim that the January 2022 notes contained verbatim or substantially verbatim statements. **See id**. at 38-46. Accordingly, Stemmler did not afford the trial court an opportunity to correct the errors he now raises on appeal, *i.e.*, his asserted right to inspect the January 2022 notes and the disqualification of

ADA Barr.  Therefore, we will not address these unpreserved issues.  ***See***

***Spone***, 305 A.3d at 608.

In sum, we are constrained to conclude that there are no issues preserved in this appeal, and we affirm the judgment of sentence without prejudice to Stemmler's right to seek relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 5/8/2024